Arthur S. Robinson
ROBINSON & ASSOCIATES
35401 Kenai Spur Highway
Soldotna, AK 99669
Telephone: (907) 262-9164
Facsimile: (907) 262-7034
office@robinsonandassociates.net

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| DANIEL MAHONEY ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| BRYAN BARLOW, in his individual, ) | |
| Capacity, ANDY DEVEAUX, in his ) | |
| individual capacity and City of ) | |
| Homer. ) | |
| ) | |
| Defendants. ) Case No. _____ ( ) | |

**COMPLAINT FOR DEPRIVATION OF CONSTITUTIONAL AND/OR LAW RIGHTS, PRIVILEGES OR IMMUNITIES**
[42 U.S.C. §§1983]

**Demand for Jury Trial**

Plaintiff demands trial by jury of all issues triable of right by jury contained in the above-entitled cause.

**Residential Allegations, Jurisdictional Allegations and Parties**

**I.  Plaintiff's Residential and Party Facts**

1.  Plaintiff Daniel Mahoney, is a competent adult citizen of the United States residing in the state of Alaska, and is now and at all times relevant herein was a resident of that state.

**II.   Defendants' Residential and Party Facts**

2.   Defendant Bryan Barlow is now and at all times relevant and material to this action was a competent adult citizen of the United States and resident of the State of Alaska and defendant was a duly appointed and acting State Trooper employed by the State of Alaska Department of Public Safety. As such, defendant Barlow was a duly appointed authorized agent of Alaska authorized to enforce the laws of the state, and was so acting under the color of law of the state at all times relevant and material to this action.

3.   Defendant Andy DeVeaux is now and at all times relevant and material to this action was a competent adult citizen of the United States. At all times relevant and material to this action DeVeaux was a resident of the State of Alaska and a duly appointed Police Officer employed by the City of Homer. As such, defendant Deveaux was a duly appointed authorized agent of the city authorized to enforce the laws of Alaska, and was so acting under the color of law of the state at all times relevant and material to this action.

4.   Defendant, City of Homer (City), is now and was at all times relevant and material to this action a municipal organization and a political subdivision of the State of Alaska.

**III. Court's Jurisdiction**

5.   This action arises under the laws and Constitution of the United States, particularly the Fourth Amendment (no seizure of person without probable cause) and the due process clause of

the Fourteenth Amendment to the United States Constitution within the meaning of 42 USC §1983.

6. The Court has jurisdiction over the subject matter of this litigation by virtue of Title 28 of the United States Code (USC) §1331.

**FIRST CAUSE OF ACTION**

7. On or about August 7, 2004, within the city of Homer Alaska, plaintiff was outside at his place of residence when defendant state police officer Barlow and defendant City of Homer police officer DeVeaux approached him. They were both wearing standard police uniforms of a state police officer and a City police officer, respectively. Without provocation from plaintiff and without probable cause to do so, and after plaintiff told the officers he did want to speak to them, Defendants Barlow and DeVeaux violently threw plaintiff to the ground, sprayed him in the face with a chemical spray, placed him in handcuffs and put him in the police cruiser that defendant DeVeaux was operating.

Thereafter, defendant DeVeaux transported plaintiff to jail where he was wrongfully imprisoned and held in custody against his will. Trooper Barlow charged plaintiff with misdemeanor charges. The state's prosecutor dismissed all charges.

8. Plaintiff brings this first cause of action against defendants Barlow and DeVeaux for use of excessive force, assault and battery against plaintiff in violation of his constitutional rights of liberty, personal safety, and freedom guaranteed under the Fourth and Fourth Amendments to the United States Constitution.

9.     As a direct and proximate cause of the illegal actions of defendants Barlow and DeVeaux, including their excessive and unnecessary use of force, plaintiff suffered severe physical injury, caused plaintiff great pain of body and mental anguish, incurred medical expenses and other expenses, and prevented plaintiff from transacting his usual business and labor, which resulted in loss of money to him. As a direct and proximate result of defendants' illegal action, plaintiff has been damaged in an amount in excess of $50,000, the reasonable certain amount to be proven at trial.

10.    Defendants Barlow and DeVeaux acted with malice in violating and depriving plaintiff of his constitutional rights. Under the circumstances, their unlawful and malicious conduct was outrageous entitling plaintiff to punitive damages against defendants in an amount that is constitutional under the federal law.

## SECOND CAUSE OF ACTION

11.    Plaintiff repeats and realleges paragraphs 1 through 11 of the First Cause of Action, as if expressly set forth at length.

12.    Plaintiff brings his second cause of action against defendants Barlow and DeVeaux for false arrest in violation of plaintiff's constitutional rights of liberty and personal freedom guaranteed under the Fourth and Fourteenth Amendments to the United States Constitution.

13.    As a direct and proximate cause of the illegal actions of defendants Barlow and DeVeaux, including arresting him without

probable cause, plaintiff suffered mental anguish, fright, humiliation, and anxiety. As a direct and proximate result of defendant's illegal action, plaintiff has suffered damages in excess of $50,000, the reasonable certain amount to be proven at trial.

14. Defendants Barlow and DeVeaux acted with malice in violating and depriving plaintiff of his constitutional rights. Under the circumstances, their unlawful and malicious conduct was outrageous entitling plaintiff to punitive damages against defendants in an amount that is constitutional under the federal law.

### THIRD CAUSE OF ACTION

15. Plaintiff repeats and realleges paragraphs 1 through 14 of the Second Cause of Action, as if expressly set forth at length.

16. Plaintiff brings his third cause of action against defendant DeVeaux for false imprisonment in violation of the plaintiff's constitutional right of liberty and personal freedom guaranteed under the Fourth and Fourteenth Amendments to the United States Constitution.

17. As a direct and proximate cause of defendant DeVeaux's illegal actions, including arresting him without probable cause and imprisoning him in jail, plaintiff sustained mental anguish, fright, humiliation, and anxiety. As a direct and proximate result of defendant's illegal action, plaintiff has suffered damages in excess of $50,000, the reasonable certain amount to be proven at trial.

18. Defendant DeVeaux acted with malice in violating and depriving plaintiff of his constitutional rights. Under the circumstances, his unlawful and malicious conduct was outrageous entitling plaintiff to punitive damages against defendant in an amount that is constitutional under the federal law.

### FOURTH CAUSE OF ACTION

19. Plaintiff repeats and realleges paragraphs 1 through 18 of the Third Cause of Action, as if expressly set forth at length.

20. Defendant City of Homer, because of the policy, custom or practice of its police department and lack of proper supervision over the department's officers, allowed defendant DeVeaux to use excessive force on plaintiff, assault him, and falsely arrest plaintiff.

21. The conduct of defendant City of Homer violated plaintiff's constitutional rights of liberty and personal safety and freedom in violation of the Fourth and Fourteenth Amendments to the United States constitution.

22. As a direct and proximate cause of the City of Homer's illegal actions, including the arrest and imprisonment of plaintiff without probable cause by officer DeVeaux and the excessive force used by DeVeaux on plaintiff, plaintiff sustained severe physical injury causing great pain to the body, mental anguish, fright, anxiety and humiliation. As a direct and proximate result of Defendant's illegal actions, plaintiff incurred medical expenses and other expenses, and was prevented

from transacting his usual business and labor, which resulted in loss of money to him.

23. As a direct and proximate result of defendant City's illegal action, plaintiff has suffered damages in excess of $50,000, the reasonable certain amount to be proven at trial.

All defendants are on notice of applicable statutes and constitutional provisions applicable to plaintiff's causes of action.

**WHEREFORE, PLAINTIFF REQUESTS:**

1. Judgment for compensatory and punitive damages against defendant Barlow in an amount in excess of $50,000, the reasonable certain amount to be proved at trial;

2. Costs, interest and reasonable attorney's fees; and

3. Such other and further relief as the court deems just and proper.

4. Judgment for compensatory and punitive damages against defendant DeVeaux in an amount in excess of $50,000, the reasonable certain amount to be proved at trial;

5. Costs, interest and reasonable attorney's fees; and

6. Such other and further relief as the court deems just and proper.

7. Judgment for compensatory damages against defendant City of Homer in an amount in excess of $50,000, the reasonable certain amount to be proved at trial;

8. Costs, interest and reasonable attorney's fees; and

9. Such other and further relief as the court deems just and proper.

```
 1    DATED this ___ day of March 2006, at Soldotna, Alaska.
 2                              ROBINSON & ASSOCIATES
 3
                      By:   s/ARTHUR S. ROBINSON
 4                          Attorney for Plaintiff
                            35401 Kenai Spur Highway
 6                          Soldotna, AK 99669
                            Tel: (907) 262-9164
                            Fax: (907) 262-7034
 7                          Email: Office@robinsonandassociates.net
                            ABA 0574026
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
```

**Robinson & Associates**
**35401 Kenai Spur Hwy**
**Soldotna, Alaska 99669**
**(907) 262-9164 Telefax (907) 262-7034**

Complaint for Deprivation of Constitutional Rigths Page 8 of 8