DAVID W. MÁRQUEZ
ATTORNEY GENERAL

Gilman Dana S. Burke
Assistant Attorney General
Office of the Attorney General
1031 W. 4th Ave., Suite 200
Anchorage, AK 99501
Phone: (907)269-5190
Fax: (907)258-0760

Attorney for Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| DANIEL MAHONEY | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| BRYAN BARLOW, in his individual Capacity, ANDY DEVEAUX, in his individual capacity and City of Homer, | ) ) ) ) |
| | ) |
| Defendants. | ) Case No. 3:06-cv-0070 TMB |
| | ) |

**ANSWER**

Defendant Bryan Barlow, an Alaska State Trooper, by and through the Office of the Attorney General, hereby answers the Complaint filed by Daniel Mahoney as follows:

1. Defendant lacks sufficient information to admit or deny the allegations in ¶ 1 of Plaintiff's Complaint and therefore denies the same.

2. Defendant admits the allegations in ¶ 2 of Plaintiff's Complaint.

3. The allegations in ¶ 3 do not pertain to answering Defendant, and therefore no responsive pleading is required.

4. The allegations in ¶ 4 of Plaintiff's Complaint do not pertain to answering Defendant, and therefore no responsive pleading is required.

5. Paragraph 6 of Plaintiff's Complaint states only legal conclusions to which no responsive pleading is required. To the extent a response is required, Defendant denies all wrong doing, including but not limited to alleged Constitutional violations, and otherwise denies the allegations in ¶ 5 of Plaintiff's Complaint.

6. The allegations in ¶ 6 state only legal conclusions to which no responsive pleading is required.

7. Paragraph 7 of Plaintiff's Complaint contains allegations that do not pertain to answering Defendant, to which no responsive pleading is required. As to allegations in ¶ 7 that pertain to answering Defendant, Defendant denies the allegations in ¶ 7 of Plaintiff's Complaint, except admits that on August 7, 2004 Defendant, with the assistance of Officer DeVeaux, responded to a domestic disturbance complaint initiated by Melodie Mahoney, Plaintiff's wife; and that upon Defendant's arrival at premises located on Marlea Road near Homer, Defendant attempted to interview Plaintiff to investigate the complaint; and that the factual details of Defendant's encounter with Plaintiff and the subsequent arrest of Plaintiff are set forth in the State of Alaska Department of Public

Safety report prepared by Defendant, case no. 04-62024.

8. Paragraph 8 of Plaintiff's Complaint contains allegations that pertain to persons other than answering Defendant, to which no responsive pleading is required. Additionally, ¶ 8 states only legal conclusions to which no responsive pleading is required. To the extent a response is required, Defendant denies all wrongdoing, including but not limited to alleged Constitutional violations, and otherwise denies the allegations in ¶ 8 of Plaintiff's Complaint.

9. Paragraph 9 of Plaintiff's Complaint contains allegations that do not pertain to answering Defendant, to which no responsive pleading is required. As to allegations in ¶ 9 that pertain to answering Defendant, Defendant denies the allegations in ¶ 9 of Plaintiff's Complaint.

10. Paragraph 10 of Plaintiff's Complaint contains allegations that do not pertain to answering Defendant, to which no responsive pleading is required. As to allegations in ¶ 10 that pertain to answering Defendant, Defendant denies the allegations in ¶ 10 of Plaintiff's Complaint.

11. Defendant re-alleges and incorporates herein by reference his responses to ¶¶ 1-10 of Plaintiff's Complaint.

12. Paragraph 12 of Plaintiff's Complaint contains allegations that do not pertain to answering Defendant, to which no responsive pleading is required. Additionally,

¶ 12 states only legal conclusions to which no responsive pleading is required. To the extent a response is required, Defendant denies all wrongdoing, including but not limited to alleged Constitutional violations, and otherwise denies the allegations in ¶ 12 of Plaintiff's Complaint.

13. Paragraph 13 of Plaintiff's Complaint contains allegations that do not pertain to answering Defendant, to which no responsive pleading is required. As to allegations in ¶ 13 that pertain to answering Defendant, Defendant denies the allegations in ¶ 13 of Plaintiff's Complaint.

14. Paragraph 14 of Plaintiff's Complaint contains allegations that do not pertain to answering Defendant, to which no responsive pleading is required. As to allegations in ¶ 14 that pertain to answering Defendant, Defendant denies the allegations in ¶ 14 of Plaintiff's Complaint.

15. Defendant restates and incorporates herein by reference his responses to ¶¶ 1-14 of Plaintiff's Complaint.

16. The allegations in ¶ 16 of Plaintiff's Complaint do not pertain to answering Defendant, and therefore no responsive pleading is required.

17. The allegations in ¶ 17 of Plaintiff's Complaint do not pertain to answering Defendant, and therefore no responsive pleading is required.

18. The allegations in ¶ 18 of Plaintiff's Complaint do not pertain to

answering Defendant, and therefore no responsive pleading is required.

19. Defendant restates and incorporates herein by reference his responses to ¶¶ 1-18 of Plaintiff's Complaint.

20. The allegations in ¶ 20 of Plaintiff's Complaint do not pertain to answering Defendant, and therefore no responsive pleading is required.

21. The allegations in ¶ 21 of Plaintiff's Complaint do not pertain to answering Defendant, and therefore no responsive pleading is required.

22. The allegations in ¶ 22 of Plaintiff's Complaint do not pertain to answering Defendant, and therefore no responsive pleading is required.

23. The allegations in ¶ 23 of Plaintiff's Complaint do not pertain to answering Defendant, and therefore no responsive pleading is required.

24.(sic) The final, un-numbered paragraph of Plaintiff's Complaint states only legal conclusions to which no responsive pleading is required. To the extent a response is required, Defendant denies all wrongdoing, including but not limited to alleged Constitutional violations, and otherwise denies the allegations in ¶ 24 (sic) of Plaintiff's Complaint.

**AFFIRMATIVE DEFENSES**

1. Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief may be granted, and therefore Plaintiff's Complaint should be dismissed

pursuant to Civil Rule 12(b)(6).

2. Plaintiff's Complaint should be dismissed because Defendant is protected under one or more doctrines of immunity.

3. Portions of Plaintiff's claims may be subject to certification pursuant to AS 09.50.253, and such claims are not subject to this Court's jurisdiction.

4. Plaintiff's alleged injuries were wholly caused by Plaintiff's own actions and culpable conduct, and therefore fault should wholly apportioned to Plaintiff pursuant to applicable law.

5. To the extent Defendant is found liable, any recovery against Defendant may only be based on Defendant's percentage of fault.

6. Plaintiff has failed to mitigate his alleged damages.

7. Plaintiff's claims should be barred because all actions taken by Defendant were privileged, appropriate, and justified under the circumstances.

8. Defendant reserves the right to assert additional affirmative defenses that may become apparent during discovery.

WHEREFORE, Defendant requests the following relief:

1. An order dismissing Plaintiff's Complaint, with prejudice;

2. An order ruling that Defendant is immune;

3. If appropriate upon certification, an order dismissing all certified claims based on lack of jurisdiction;

4. An award of costs and attorney fees;

5. For such other relief as this Court deems just and equitable.

DATED this 10th day of May 2006, at Anchorage, Alaska.

DAVID W. MÁRQUEZ
ATTORNEY GENERAL

By: /s/ Gilman Dana S. Burke
Assistant Attorney General
Office of the Attorney General
1031 W. 4th Ave., Ste. 200
Anchorage, AK 99501
Phone: (907) 269-5190
Fax:   (907) 258-0760
Dana_Burke@law.state.ak.us
TWC_ECF@law.state.ak.us
ABA No. 9011085

This is to certify that on this date, a copy of the
Foregoing is being electronically filed to:

Arthur S. Robinson
Robinson & Associates
35401 Kenai Spur Highway
Soldotna, AK 99669

Frank Koziol
Attorney at Law
618 Christensen Drive
Anchorage, AK 99501

/s/ Gilman Dana S. Burke  5/10/06

Answer
*Mahoney v. Barlow, et al.*
Case No. 3:06-cv-0070 (TMB)
Page 7 of 7