TALIS J. COLBERG
ATTORNEY GENERAL

Jan A. Rutherdale
Assistant Attorney General
Office of the Attorney General
P.O. Box 110300
Juneau, Alaska 99811
(907) 465-3600
Alaska Bar No. 8308081

Counsel for State of Alaska, Department
Of Health & Social Services, Office of
Children's Services

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| DANIEL MAHONEY, ) ) Plaintiff, ) vs. ) ) BRYAN BARLOW, in his ) individual capacity, ANDY ) DEVEAUX, in his individual ) Capacity and CITY OF HOMER, ) ) Defendant, ) ) | Case No. 3:06-CV-00070 [TMB] **MEMORANDUM IN SUPPORT OF MOTION TO INTERVENE FOR LIMITED PURPOSE** |

The Department moves to intervene in this matter for the limited purpose of asserting the Department's interest in maintaining the confidentiality of agency and court records concerning J.M. Defendants Andy Deveaux and the City of Homer seek to compel disclosure of OCS records regarding J.M. The Department does not oppose disclosure of documents related to J.M., provided the documents are reviewed *in*

*camera* to determine their relevance and to insure that only relevant documents are disclosed to Andy Deveaux and the City of Homer.

As will be shown below, the Department may intervene as a matter of right in this action because the Department's interest in maintaining the confidentiality of records would be impaired or impeded by the Defendant's request and is not adequately represented by the existing parties.

Federal R. Civ. P. 24(a) provides in relevant part:

> Upon timely application anyone shall be permitted to intervene in an action . . . when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

The Supreme Court of Alaska, under the identical (in relevant part) Alaska R. Civ. P. 24(a), has adopted a four-part test to determine whether a party may intervene as a matter of right

> (1) [T]he motion must be timely; (2) the applicant must show an interest in the subject matter of the action; (3) it must be shown that this interest may be impaired as a consequence of the action; and (4) it must be shown that the interest is not adequately represented by an existing party.

*State v. Weidner*, 684 P.2d 103, 113 (Alaska 1984). "Part (4) of the test requires the party seeking intervention as a matter of right to show that its interest is inadequately represented by the existing party to the suit. 'Inadequacy' is proven by a showing of collusion, adversity of interest, possible nonfeasance, or incompetence." *Id.*

The Department satisfies the four-part test. The Department's motion is timely. The Department has an interest in protecting the privacy of J. M. who are or were in the Department's custody. Further, the Department's interest cannot be adequately protected by either party in this matter because the defendant has an

Memorandum in Support of Motion to Intervene for Limited Purpose
*Mahoney v. Barlow, et. al.*, Case No. 3:06-CV-00070 [TMB]
Page 2 of 3

interest in the content of the file, regardless of confidentiality and the plaintiffs have not, upon information and belief, objected to the release of their confidential records.[1]

Accordingly, the Department requests that this Court grant its motion to intervene for the limited purpose of asserting the privacy and confidentiality of these individuals related to the material contained in their OSCO files.

DATED: _____

        TALIS J. COLBERG
        ATTORNEY GENERAL

BY:  s/Jan A. Rutherdale
      Assistant Attorney General
      Office of the Attorney General
      P.O. Box 110300
      Juneau, Alaska 99811
      Phone: (907) 465-3600
      Fax: (907) 465-2539
      Jan.Rutherdale@alaska.gov
      Alaska Bar No. 8308081

---

[1] It is not clear what the plaintiffs have asserted because the Department has not been served with any pleadings on this issue.

Memorandum in Support of Motion to Intervene for Limited Purpose
*Mahoney v. Barlow, et. al.*, Case No. 3:06-CV-00070 [TMB]
Page 3 of 3