FRANK S. KOZIOL, ESQ.
Attorney at Law
618 Christensen Drive
Anchorage, Alaska 99501
TEL: 907-258-7706
FAX: 907-258-7707

Counsel for Defendant
ANDY DEVEAUX

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| DANIEL MAHONEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 3:06-CV-00070 [TMB] |
| vs. ) | |
| ) | |
| BRYAN BARLOW, in his ) | |
| individual capacity, ANDY ) | |
| DEVEAUX, in his individual ) | MEMORANDUM IN SUPPORT OF |
| capacity and CITY OF HOMER, ) | DEFENDANT ANDY DEVEAUX'S |
| ) | MOTION FOR PARTIAL SUMMARY |
| ) | JUDGMENT |
| Defendants. ) | |
| _____) | |

FRANK S. KOZIOL
ATTORNEY AT LAW
618 CHRISTENSEN DRIVE
ANCHORAGE, AK 99501
(907) 258-7706
FAX (907) 258-7707

TABLE OF CONTENTS

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . i

LIST OF EXHIBITS . . . . . . . . . . . . . . . . . . . . . . . ii

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . . 1

SUMMARY JUDGMENT STANDARD . . . . . . . . . . . . . . . . . . . 3

ARGUMENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    I.   PROBABLE CAUSE EXISTED TO ARREST DANIEL MAHONEY AT THE TIME THE DECISION TO HANDCUFF WAS MADE. . . . . . . . . . . . . . 3

    II.  THE OFFICERS HAD A REASONABLE SUSPICION THAT DANIEL MAHONEY HAD COMMITTED DOMESTIC VIOLENCE AND THAT DETENTION WITH HANDCUFFS WAS REASONABLE UNDER THE CIRCUMSTANCES. . . . 7

    III. OFFICER DEVEAUX IS ENTITLED TO QUALIFIED IMMUNITY. . . . . . . . . . . . . . . . . . . . 10

    IV.  DANIEL MAHONEY'S RESISTANCE TO THE DETENTION AND HANDCUFFING WAS UNLAWFUL AND SHOULD RULE THAT THIS IS THE LAW OF THE CASE. . . . . 13

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . 13

FRANK S. KOZIOL
ATTORNEY AT LAW
618 CHRISTENSEN DRIVE
ANCHORAGE, AK 99501
(907) 258-7706
FAX (907) 258-7707

## LIST OF EXHIBITS

Exhibits

| | |
|---|---|
| AA | Copy of CD of dispatch calls on August 7, 2004[1] |
| BB | Excerpts of the Deposition of Andy DeVeaux taken on April 17, 2007 |
| CC | Misdemeanor Complaint, Case No. 3HO-04-402 CR, Assault in the Fourth Degree |
| DD | Excerpts of the Deposition of Bryan Barlow taken on April 17, 2007 |

ii

---

[1] Defendant DeVeaux has filed a motion to permit the submission of this exhibit. Therefore, this exhibit is not attached hereto. This exhibit will be provided to the Court once a ruling is made. The parties already possess this CD through discovery.

FRANK S. KOZIOL
ATTORNEY AT LAW
616 CHRISTENSEN DRIVE
ANCHORAGE, AK 99501
(907) 258-7706
FAX (907) 258-7707

INTRODUCTION

Defendant Bryan Barlow has filed a Motion for Partial Summary Judgment.[2] Defendant Andy DeVeaux hereby joins in that motion as a co-movant.

STATEMENT OF THE CASE

Defendant Barlow has fairly and comprehensively set forth the relevant facts in his motion.[3] Defendant DeVeaux incorporates by reference those facts set forth.[4]

Melodie Mahoney reported several acts of domestic violence to the Homer Police Department. She stated her drunken husband, Daniel Mahoney, had run over her bed with a vehicle and was now sitting atop the bed. She was in her vehicle with the doors locked.[5] She then described Daniel Mahoney as continuing to drive back and forth over her bed. She described this as "tormenting her to death." She then stated he was beating on

---

[2] Defendant Barlow's Motion for Partial Summary Judgment Re: Qualified Immunity for Defendant Barlow's Decision to Detain and Handcuff Plaintiff; and Re: The Illegality of Plaintiff's Resistance to the Detention/Handcuffing dated July 13, 2007.

[3] Defendant Barlow's Motion for Partial Summary Judgment at 13.

[4] Defendant DeVeaux will reference the exhibits attached to Defendant Barlow's motion by the same exhibit letters.

[5] Exhibit B at 2.

FRANK S. KOZIOL
ATTORNEY AT LAW
618 CHRISTENSEN DRIVE
ANCHORAGE, AK 99501
(907) 258-7706
FAX (907) 258-7707

Memorandum in Support of Defendant Andy DeVeaux's Motion for Partial Summary Judgment
*Mahoney v. Barlow, et al.*, Case No. 3:06-CV-00070 [TMB]
Page 1 of 14

her vehicle and throwing rocks and hitting her vehicle.[6] She further stated that "Thank God there's no children here."[7] Melodie Mahoney was crying as she reported the ongoing acts of violence.[8]

At the scene, the officers immediately corroborated that Daniel Mahoney was drunk and agitated. He refused Defendant Barlow's request to put down a puppy he was hurting. He denied that anything had happened between he and his wife.[9] Defendant DeVeaux described Daniel Mahoney as being confrontational. He was clenching his jaw and tensing his muscles as he was squeezing the puppy who squirmed in his arms.[10]

At this point, Defendant Barlow decided to detain Daniel Mahoney and told him he was detained. He again refused Defendant Barlow's request to put the dog down and at this point

---

[6] Exhibit B at 6.

[7] Exhibit B at 9.

[8] Exhibit AA (not submitted herein; see footnote 1), which is a copy of the dispatch call recordings, shows the emotional nature of the call. Defendant DeVeaux will use double letters to distinguish his exhibits from those of Defendant Barlow.

[9] Defendant Barlow's Motion for Partial Summary Judgment at 7-8.

[10] Exhibit I at 40-41.

FRANK S. KOZIOL
ATTORNEY AT LAW
618 CHRISTENSEN DRIVE
ANCHORAGE, AK 99501
(907) 258-7706
FAX (907) 258-7707

Memorandum in Support of Defendant Andy DeVeaux's Motion for Partial Summary Judgment
Mahoney v. Barlow, et al., Case No. 3:06-CV-00070 [TMB]
Page 2 of 14

Defendant Barlow decided to place his hands on Daniel Mahoney's arm to try to handcuff him.[11] Defendant Barlow first grabbed one arm and then Defendant DeVeaux grabbed the other, following Defendant Barlow's lead. Daniel Mahoney was still holding the puppy when the officers grabbed his arms.[12]

The facts are undisputed that Daniel Mahoney resisted the handcuffing.[13]

## SUMMARY JUDGMENT STANDARD

Defendant DeVeaux adopts the Rule 56 standards set forth by Defendant Barlow.[14]

## ARGUMENTS

I. PROBABLE CAUSE EXISTED TO ARREST DANIEL MAHONEY AT THE TIME THE DECISION TO HANDCUFF WAS MADE.

"Probable cause" is a reasonable belief from the facts and circumstances that an offense has occurred and that the

---

[11] Defendant Barlow's Motion for Partial Summary Judgment at 7-8.

[12] Exhibit BB at 55-59.

[13] Defendant Barlow's Motion for Partial Summary Judgment at 12.

[14] Defendant Barlow's Motion for Partial Summary Judgment at 13-14.

FRANK S. KOZIOL
ATTORNEY AT LAW
618 CHRISTENSEN DRIVE
ANCHORAGE, AK 99501
(907) 258-7706
FAX (907) 258-7707

Memorandum in Support of Defendant Andy DeVeaux's Motion for Partial Summary Judgment
*Mahoney v. Barlow, et al.*, Case No. 3:06-CV-00070 [TMB]
Page 3 of 14

suspect has committed it.[15] "Reasonable suspicion" requires lesser proof. It has been described as "a particularized and objective basis" for suspecting the person stopped of criminal activity."[16]

The officers had probable cause to arrest Daniel Mahoney when Defendant Barlow made the decision to handcuff Daniel Mahoney and Defendant DeVeaux assisted him.[17]

First, Melodie Mahoney was a citizen victim not an unreliable criminal informant. As such, proof-of-veracity which applies in informant cases is not required.[18] The Ninth Circuit agrees with the vast majority of cases so holding.[19] A victim's veracity should be assumed unless there is contrary information received. The officers had no contrary information. Daniel

---

[15]See, Brinegar v. United States, 338 U.S. 160, 175-176 (1949).

[16]Ornelas v. United States, 517 U.S. 690, 695-696 (1996).

[17]Defendant DeVeaux subjectively believed that Daniel Mahoney was being arrested for domestic violence assault. Exhibit B at 24-25. Daniel Mahoney was later charged with Assault in the Fourth Degree in violation of AS 11.41.230(a)(3), recklessly placing Melodie Mahoney in fear of imminent physical injury by words or other conduct. Exhibit CC.

[18]See, 3 Wayne R. LaFave, Search & Seizure § 3.4(a) at 220-221 nn.8 & 9 listing cases.

[19]United States v. Sparks, 265 F.3d 825, 829-830 (9th Cir. 2001).

Memorandum in Support of Defendant Andy DeVeaux's Motion for Partial Summary Judgment
Mahoney v. Barlow, et al., Case No. 3:06-CV-00070 [TMB]
Page 4 of 14

FRANK S. KOZIOL
ATTORNEY AT LAW
618 CHRISTENSEN DRIVE
ANCHORAGE, AK 99501
(907) 258-7706
FAX (907) 258-7707

Mahoney, when given an opportunity to describe the night's events, declined, by stating nothing happened.

Second, Melodie Mahoney provided first-hand, precise information as to the ongoing assault committed by her husband. Her personal property was violently destroyed and she was attacked while in her car by rocks thrown by her husband and by his beating of her vehicle. She was reasonably fearful of imminent physical injury.[20]

A reasonable police officer, given this uncontradicted information, would have had a reasonable belief that Daniel Mahoney committed the crime of assault against his wife. This reasonable belief was corroborated by the officers' verification of Melodie Mahoney's statements that Daniel Mahoney was drunk, was located where Melodie Mahoney stated he had gone, and was dressed as she described.

On an objective basis, Defendant Barlow could have told Daniel Mahoney he was under arrest at the time he told him he was detained.[21] Given probable cause for the arrest, the

---

[20] See, Sparks, supra, citing Illinois v. Gates, 462 U.S. 213, 238 (1983) for the "basis of knowledge" requirement. See generally, LaFave, supra at § 3.4(b) and (c).

[21] Defendant Barlow subjectively believed that he did not have probable cause, only reasonable suspicion, at the time he announced the detainment. He stated, for example, he would have

FRANK S. KOZIOL
ATTORNEY AT LAW
618 CHRISTENSEN DRIVE
ANCHORAGE, AK 99501
(907) 258-7706
FAX (907) 258-7707

Memorandum in Support of Defendant Andy DeVeaux's Motion for Partial Summary Judgment
Mahoney v. Barlow, et al., Case No. 3:06-CV-00070 [TMB]
Page 5 of 14

officers could reasonably have proceeded to handcuff Daniel Mahoney, patted him down for weapons, and transported him to jail.

As long as probable cause existed, the officers were required to arrest Daniel Mahoney for the misdemeanor crime of domestic violence, even though not committed in their presence.[22] If Daniel Mahoney had told the officers that he had been the victim of domestic violence, the officers would have been required to determine who was the principal physical aggressor by conducting further investigation.[23] Since Daniel Mahoney did not make such an assertion, the statute did not require any further investigation prior to any arrest.

With probable cause existing, Daniel Mahoney's claims of assault and battery, false arrest, and false imprisonment should be dismissed.[24]

---

had probable cause if he had seen that the bed had been run over. Defendant Barlow believed he needed some further verification of the statements of Melodie Mahoney but conceded reasonable people may disagree with him. Exhibit DD at 211-216.

[22] AS 18.65.530.(a)(1).

[23] AS 18.65.530 (b).

[24] See, Plaintiff's first three causes of action in Plaintiff's Complaint dated March 24, 2006 at 3-6. All that would remain would be the excessive force claim (First Cause of Action) and the direct claim against the City of Homer (Fourth

FRANK S. KOZIOL
ATTORNEY AT LAW
618 CHRISTENSEN DRIVE
ANCHORAGE, AK 99501
(907) 258-7706
FAX (907) 258-7707

Memorandum in Support of Defendant Andy DeVeaux's Motion for Partial Summary Judgment
Mahoney v. Barlow, et al., Case No. 3:06-CV-00070 [TMB]
Page 6 of 14

## II. THE OFFICERS HAD A REASONABLE SUSPICION THAT DANIEL MAHONEY HAD COMMITTED DOMESTIC VIOLENCE AND THAT DETENTION WITH HANDCUFFS WAS REASONABLE UNDER THE CIRCUMSTANCES.

Based upon the undisputed evidence, the officers had a reasonable suspicion that Daniel Mahoney had committed a crime of domestic violence. If they only had a reasonable suspicion and not probable cause to arrest, the critical question becomes whether the detainment properly included the handcuffing of Daniel Mahoney.

In Washington v. Lambert, the Ninth Circuit stated that the handcuffing of a suspect is not routinely part of an investigatory stop.[25] Special circumstances are required and the court enumerated four such separate circumstances:

(1) where the suspect is uncooperative or takes action at the scene that raises a reasonable possibility of danger or flight;

(2) where the police have information that the suspect is currently armed;

(3) where the stop closely follows a violent crime;

(4) where the police have information that a crime

---

Cause of Action).

[25] 98 F.3d 1181, 1188 (9th Cir. 1996) (citations omitted).

Memorandum in Support of Defendant Andy DeVeaux's Motion for Partial Summary Judgment
Mahoney v. Barlow, et al., Case No. 3:06-CV-00070 [TMB]
Page 7 of 14

FRANK S. KOZIOL
ATTORNEY AT LAW
818 CHRISTENSEN DRIVE
ANCHORAGE, AK 99501
(907) 258-7706
FAX (907) 258-7707

that may involve violence is about to occur.[26]

This case satisfies the first and third circumstances. Daniel Mahoney was uncooperative at the scene. He refused several police orders to put the dog down and lied to the officers by stating the evening was uneventful. There was a reasonable possibility that he could be violent with the officers. He had minutes before committed several acts of violence and was still drunk, agitated, and confrontational with the officers who noted his aggressive body posture. The officers could reasonably have believe he presented a risk of harm to them or others.

There are cases that are factually similar to the present case where handcuffing was permitted during an investigative stop. In <u>United States v. Jordan</u>,[27] the suspect was seen running at full sprint from the area of a grocery store in a high crime district. The officers believed that a robbery may have occurred. When stopped the suspect refused to place his hands on the hood of the police car and refused to make any statements to the police. Under these circumstances, the

---

[26] <u>Id.</u> at 1189 (citations omitted).

[27] 232 F.3d 447 (5th Cir. 2000).

Memorandum in Support of Defendant Andy DeVeaux's Motion for Partial Summary Judgment
Mahoney v. Barlow, et al., Case No. 3:06-CV-00070 [TMB]
Page 8 of 14

FRANK S. KOZIOL
ATTORNEY AT LAW
618 CHRISTENSEN DRIVE
ANCHORAGE, AK 99501
(907) 258-7706
FAX (907) 258-7707

handcuffing was reasonable.[28] Only the first <u>Lambert</u> circumstance is satisfied by this case.[29]

In <u>United States v. Purry</u>,[30] a suspect was stopped who was walking fast, perspiring profusely, and looking excited. A bank had just been robbed in the area. The suspect denied knowing about the robbery. The handcuffing was approved as an appropriate method of maintaining the status quo while further inquiry was made.[31] As in the present case, the first and third <u>Lambert</u> circumstances are met.

The officers reasonably suspected that Daniel Mahoney had committed several acts of violence shortly before their encounter. When contacted, Daniel Mahoney was drunk, non-cooperative, and lied to the police. Detaining Daniel Mahoney for further investigation was reasonable. Handcuffing him was a reasonable adjunct to the detainment given these circumstances. The officers could have believed that Daniel Mahoney presented a

---

[28] <u>Id.</u> at 450.

[29] <u>See also</u>, <u>United States v. Atchley</u>, 474 F.3d 840 (6th Cir. 2007), a case discussed in Defendant Barlow's memorandum at 15 and 20. There, the police suspected methamphetamine manufacturing and the suspect appeared nervous and had lied to the police. This was sufficient to justify the handcuffing as a safety precaution.

[30] 545 F.2d 217 (D.C. Cir. 1976).

[31] <u>Id.</u> at 220.

Memorandum in Support of Defendant Andy DeVeaux's Motion for Partial Summary Judgment
*Mahoney v. Barlow, et al.*, Case No. 3:06-CV-00070 [TMB]
Page 9 of 14

FRANK S. KOZIOL
ATTORNEY AT LAW
618 CHRISTENSEN DRIVE
ANCHORAGE, AK 99501
(907) 258-7706
FAX (907) 258-7707

reasonable possibility of harm to themselves or others during the investigation.

With reasonable suspicion existing and the handcuffing justified in the scope of the investigation, Daniel Mahoney's claims of assault and battery, false arrest, and false imprisonment should be dismissed.

### III. OFFICER DEVEAUX IS ENTITLED TO QUALIFIED IMMUNITY.

Defendant DeVeaux generally agrees with the law of qualified immunity set forth by Defendant Barlow.[32] However, whether the Saucier v. Katz[33] holding will apply beyond excessive force cases is yet to be determined.

In Anderson v. Creighton,[34] the United States Supreme Court held that constitutional challenges to warrantless searches by law enforcement officers are subject to the defense of qualified immunity. This means that a warrantless search could be unreasonable and, thus, unconstitutional for Fourth Amendment purposes but objectively reasonable for the purpose of qualified immunity. The Anderson immunity analysis was extended

---

[32] Defendant Barlow's Motion for Partial Summary Judgment at 16-18.

[33] 533 U.S. 194 (2001).

[34] 483 U.S. 635, 640-641 (1987).

Memorandum in Support of Defendant Andy DeVeaux's Motion for Partial Summary Judgment
Mahoney v. Barlow, et al., Case No. 3:06-CV-00070 [TMB]
Page 10 of 14

FRANK S. KOZIOL
ATTORNEY AT LAW
618 CHRISTENSEN DRIVE
ANCHORAGE, AK 99501
(907) 258-7706
FAX (907) 258-7707

to warrantless arrests.[35]

As set forth in the prior two sections, Defendant DeVeaux asserts there was no Fourth Amendment violation because the seizure of Daniel Mahoney was reasonable. However, if this Court would disagree, Defendant DeVeaux contends he is still entitled to immunity because his actions were objectively reasonable even if mistaken.

First, Defendant DeVeaux was providing assistance to Defendant Barlow who was in charge at the scene and who handled all the contact with Daniel Mahoney including the decision to detain him. Once Defendant Barlow decided to detain Daniel Mahoney and moved to handcuff him, Daniel Mahoney had a duty to submit to any reasonable force even if the detention was unlawful.[36]

It was objectively reasonable for Defendant DeVeaux to assist in the handcuffing even if the detention was unlawful. There is no clearly established law that would require an officer to deny assistance to another officer when a suspect is being handcuffed even if the decision to handcuff is wrongful. The reason for the law regarding a duty to cooperate even with

---

[35] <u>Hunter v. Bryant</u>, 502 U.S. 214, 228 (1991).

[36] <u>See</u>, Defendant Barlow's Motion for Partial Summary Judgment at 23.

Memorandum in Support of Defendant Andy DeVeaux's Motion for Partial Summary Judgment
*Mahoney v. Barlow, et al.*, Case No. 3:06-CV-00070 [TMB]
Page 11 of 14

FRANK S. KOZIOL
ATTORNEY AT LAW
618 CHRISTENSEN DRIVE
ANCHORAGE, AK 99501
(907) 258-7706
FAX (907) 258-7707

unlawful arrests or detentions is to have their legality determined by courts of law and not by battle in the streets.[37] Defendant DeVeaux was reasonably assisting in preventing any battle between Defendant Barlow and Daniel Mahoney.

Second, even if Defendant DeVeaux is viewed as a joint decision-maker regarding the detention, his conduct is still objectively reasonable.

At a minimum, the officers had "arguable" reasonable suspicion to believe Daniel Mahoney committed a crime of domestic violence assault when the decision was made to detain him.[38] Defendant DeVeaux does not believe this can be seriously contested.[39]

The closer question involves the handcuffing of Daniel Mahoney. Even if this Court were to find that additional <u>Lambert</u> circumstances should have been present to justify the

---

[37] <u>Melson v. Municipality of Anchorage</u>, 60 P.3d 199, 201-202 (Alaska Ct. App. 2002).

[38] <u>See</u>, <u>Jackson v. Sauls</u>, 206 F.3d 1156, 1166 (11th Cir. 2000). Qualified immunity protects an officer who has "arguable" reasonable suspicion to support an investigatory stop. This is a short-hand way of stating a reasonable but mistaken belief.

[39] If probable cause existed, as Defendant DeVeaux contends, Defendant DeVeaux is entitled to qualified immunity since any reasonable police officer would have objectively believed that handcuffing is a necessary adjunct to an arrest.

FRANK S. KOZIOL
ATTORNEY AT LAW
618 CHRISTENSEN DRIVE
ANCHORAGE, AK 99501
(907) 258-7706
FAX (907) 258-7707

Memorandum in Support of Defendant Andy DeVeaux's Motion for Partial Summary Judgment
*Mahoney v. Barlow, et al.*, Case No. 3:06-CV-00070 [TMB]
Page 12 of 14

handcuffing, such as attempted flight or threatening words or more threatening physical actions, the officers had an "arguable" basis for handcuffing Daniel Mahoney since two of the <u>Lambert</u> circumstances were present. It was not clearly established law that more than two factors must have been present. Indeed, if only one factor had been present this would still have entitled the officers to qualified immunity.

IV.   DANIEL MAHONEY'S RESISTANCE TO THE DETENTION AND HANDCUFFING WAS UNLAWFUL AND SHOULD RULE THAT THIS IS THE LAW OF THE CASE.

Defendant DeVeaux joins in Defendant Barlow's assertion that Daniel Mahoney unlawfully resisted his detention and handcuffing by holding his hands into his body and that the issue remaining for trial is excessive force.[40]

CONCLUSION

For the aforementioned reasons, Defendant DeVeaux should be granted partial summary judgment as set forth in the accompanying order.

---

[40] Defendant Barlow's Motion for Partial Summary Judgment at 22-25.

Memorandum in Support of Defendant Andy DeVeaux's Motion for Partial Summary Judgment
Mahoney v. Barlow, et al., Case No. 3:06-CV-00070 [TMB]
Page 13 of 14

FRANK S. KOZIOL
ATTORNEY AT LAW
819 CHRISTENSEN DRIVE
ANCHORAGE, AK 99501
(907) 258-7706
FAX (907) 258-7707

```
DATED: 08/30/2007           LAW OFFICE OF FRANK S. KOZIOL
                            Attorney for Defendant Andy
                              DeVeaux


                            By:  /s Frank S. Koziol
                                Law Office of Frank S. Koziol
                                618 Christensen Drive
                                Anchorage, Alaska 99501
                                Phone: 907-258-7706
                                Fax: 907-258-7707
                                Email: koziol@gci.net
                                ritagutierrez.koziol@gci.net
                                ABA No. 7210054
```

THIS IS TO CERTIFY that a copy of the foregoing was served electronically and by U. S. Mail upon:

Arthur S. Robinson, Esq.
Robinson & Associates
35401 Kenai Spur Highway
Soldotna, Alaska 99669

G. Dana S. Burke, Esq.
Office of the Attorney General
1031 West Fourth Avenue, Suite 200
Anchorage, Alaska 99501

/s Frank S. Koziol 8/30/07

FRANK S. KOZIOL
ATTORNEY AT LAW
618 CHRISTENSEN DRIVE
ANCHORAGE, AK 99501
(907) 258-7706
FAX (907) 258-7707

Memorandum in Support of Defendant Andy DeVeaux's Motion for Partial Summary Judgment
*Mahoney v. Barlow, et al.*, Case No. 3:06-CV-00070 [TMB]
Page 14 of 14