FRANK S. KOZIOL, ESQ.
Attorney at Law
618 Christensen Drive
Anchorage, Alaska 99501
907-258-7706

Counsel for Defendants
ANDY DEVEAUX and CITY OF HOMER

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| DANIEL MAHONEY,<br><br>       Plaintiff,<br><br>vs.<br><br>BRYAN BARLOW, in his individual capacity, ANDY DEVEAUX, in his individual capacity and CITY OF HOMER,<br><br>       Defendants. | Case No. 3:06-CV-00070 [TMB]<br><br>RESPONSE TO STATE OF ALASKA'S MOTION FOR IN CAMERA REVIEW |

COME NOW Defendants ANDY DEVEAUX and CITY OF HOMER (Defendants), by and through their attorney, FRANK S. KOZIOL, and hereby respond to State of Alaska's Motion for In Camera Review dated August 24, 2007 as follows:

INTRODUCTION

The State of Alaska does not oppose disclosure of documents related to J.M. but requests that this Court review

FRANK S. KOZIOL
ATTORNEY AT LAW
618 CHRISTENSEN DRIVE
ANCHORAGE, AK 99501
(907) 258-7706
FAX (907) 258-7707

the documents to determine their relevancy.[1]

The problem with this suggestion is that this Court has limited time to review voluminous documents and may have a difficult time determining relevancy since the parties are more familiar with the issues in the case.

There appear to be two interests asserted by the State of Alaska, (1) the interests of J.M. and (2) the State of Alaska's separate interests.[2]

Defendants do not believe that Plaintiff, the father of J.M., has any objection to the disclosure of the documents to the Defendants. No such objection has ever been communicated.[3] J.M.'s interests are adequately protected by Plaintiff without the State of Alaska.

However, the State of Alaska alludes to its own interest in the content of the file apart from any confidentiality as applied to J.M.[4] This separate interest is not otherwise specified. Perhaps the State of Alaska is

---

[1] Memorandum in Support of Motion to Intervene for Limited Purpose at 1-2.

[2] Id. at 2-3.

[3] Affidavit of Frank S. Koziol.

[4] Memorandum in Support of Motion to Intervene for Limited Purpose at 2-3.

FRANK S. KOZIOL
ATTORNEY AT LAW
618 CHRISTENSEN DRIVE
ANCHORAGE, AK 99501
(907) 258-7706
FAX (907) 258-7707

Response to State of Alaska's Motion for In Camera Review
Mahoney v. Barlow, et al., Case No. 3:06-CV-00070 [TMB]
Page 2 of 5

concerned with protecting some attorney-client communication.

Defendants believe that an order from the Court requiring disclosure of the documents but also requiring the parties maintain the confidentiality of the documents as set forth in the proposed stipulation[5] would be the better alternative.

ARGUMENTS

In years past, issues of OCS confidentiality were handled by stipulation with the Court approving the stipulation. This procedure would minimize Court involvement and maintain the confidentiality of the documents.

However, the State of Alaska now requires a requesting party to file a motion and wants the Court to conduct an in camera review of the documents while not contesting that some of the documents are relevant.

Rather than this Court having to spend its limited time reviewing documents in camera and determining relevancy, the preferred method is still to have the Court order disclosure with confidentiality maintained by provisions in the order. An order following the terms of the previously submitted stipulation would satisfy all concerns. This is an especially

---

[5] See, Exhibit C attached to Defendants' Motion to Compel.

FRANK S. KOZIOL
ATTORNEY AT LAW
618 CHRISTENSEN DRIVE
ANCHORAGE, AK 99501
(907) 258-7706
FAX (907) 258-7707

Response to State of Alaska's Motion for In Camera Review
Mahoney v. Barlow, et al., Case No. 3:06-CV-00070 [TMB]
Page 3 of 5

useful procedure in this case since Plaintiff, the father, does not have any objection to the disclosure and there has been no showing that he cannot adequately represent J.M.'s interests in the matter.

Finally, if the State of Alaska has objections to the disclosure based upon the attorney-client privilege, the Court could simply require the State of Alaska to set forth its objections in a privilege log and excise the privileged information. If the parties dispute the excisions, later motions can be filed to address the issue.

## CONCLUSION

For the aforementioned reasons, this Court should compel the production of all OCS records relating to OCS's assumption of custody of J.M. as set forth in the proposed order with confidentiality limitations.

DATED: 09/10/2007

LAW OFFICE OF FRANK S. KOZIOL
Attorney for Defendants Andy
 DeVeaux and City of Homer

By: /s Frank S. Koziol
Law Office of Frank S. Koziol
618 Christensen Drive
Anchorage, Alaska 99501
Phone: 907-258-7706
Fax: 907-258-7707
Email: koziol@gci.net
ritagutierrez.koziol@gci.net
ABA No. 7210054

FRANK S. KOZIOL
ATTORNEY AT LAW
618 CHRISTENSEN DRIVE
ANCHORAGE, AK 99501
(907) 258-7706
FAX (907) 258-7707

Response to State of Alaska's Motion for In Camera Review
*Mahoney v. Barlow, et al.*, Case No. 3:06-CV-00070 [TMB]
Page 4 of 5

THIS IS TO CERTIFY that a copy of the foregoing was served electronically and by U. S. Mail upon:

Arthur S. Robinson, Esq.
Robinson & Associates
35401 Kenai Spur Highway
Soldotna, Alaska 99669

G. Dana S. Burke, Esq.
Office of the Attorney General
1031 West Fourth Avenue, Suite 200
Anchorage, Alaska 99501

and by U. S. Mail upon:

Carla M. Raymond, Esq.
Office of the Attorney General
1031 West Fourth Avenue, Suite 200
Anchorage, Alaska 99501

/s Frank S. Koziol 09/10/07

FRANK S. KOZIOL
ATTORNEY AT LAW
618 CHRISTENSEN DRIVE
ANCHORAGE, AK 99501
(907) 258-7706
FAX (907) 258-7707

Response to State of Alaska's Motion for In Camera Review
*Mahoney v. Barlow, et al.*, Case No. 3:06-CV-00070 [TMB]
Page 5 of 5