TALIS J. COLBERG
ATTORNEY GENERAL

Gilman Dana S. Burke
Assistant Attorney General
Office of the Attorney General
1031 W. 4th Ave., Suite 200
Anchorage, AK 99501
Phone: (907)269-5190
Fax: (907)258-0760

Attorney for Defendant Bryan Barlow

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| DANIEL MAHONEY ) | |
| ) | |
| Plaintiff, ) | |
| ) | **DEFENDANT BARLOW'S** |
| v. ) | **REPLY TO OPPOSITION TO** |
| ) | **MOTION FOR PARTIAL** |
| BRYAN BARLOW, in his individual ) | **SUMMARY JUDGEMENT** |
| Capacity, ANDY DEVEAUX, in his ) | |
| individual capacity and City of ) | |
| Homer, ) | |
| ) | |
| Defendants. ) | Case No. 3:06-cv-0070 TMB |
| ) | |

**TABLE OF CONTENTS**

I.   INTRODUCTION..................................................................................................3

II.  OVERVIEW OF PLAINTIFF'S OPPOSITION.....................................................3

III. ARGUMENT........................................................................................................5

    A.   Sgt. Barlow Undertook to Detain Plaintiff, Not to Arrest Him

    B.   Sgt. Barlow's Detention Decision Was Lawful..........................................8

    C.   Qualified Immunity Bar Plaintiff's Claims...............................................11

    D.   Plaintiff's Alleged Facts Are Not Genuine Or Material............................12

    E.   Plaintiff's ResistanceTo Sgt. Barlow's Detention
        And Handcuffing Was Unlawful; The Only Triable Issue Is Wether
        Sgt. Barlow Used Reasonable Force In Overcoming Plaintiff's Unlawful
        Resistance...................................................................................................16

IV.  CONCLUSION...................................................................................................16

Reply to Opposition to Motion for Partial Summary Judgment
*Mahoney v. Barlow et al*
Page 2 of 17

I. **INTRODUCTION**

Alaska State Trooper Barlow (Sgt. Barlow) has moved pursuant to Civil Rule 56 for a summary judgment order holding that qualified immunity bars Plaintiff's false arrest, false imprisonment, and 42 U.S.C. § 1983 claims as they pertain to Sgt. Barlow's actions up to and including the point when he undertook to detain and handcuff Plaintiff. See Motion, Docket no. 25. Sgt. Barlow has also asked the Court to rule on summary judgment that Plaintiff's resistance to Sgt. Barlow's detention and handcuffing effort was unlawful, and that as a result Plaintiff's only triable claim is for alleged (but denied) excessive force by Sgt. Barlow in overcoming Plaintiff's unlawful resistance. Id. Because Plaintiff, in his Opposition (Docket no. 43), fails to demonstrate the existence of any genuine issues of material fact relevant to the subject of Sgt. Barlow's Motion, and because Plaintiff fails to meet his burden of demonstrating that Sgt. Barlow violated Plaintiff's clearly established constitutional rights by endeavoring to detain and handcuff Plaintiff, the Court may now enter partial summary judgment for Sgt. Barlow. See Davis v. Scherer, 468 U.S. 183, 197 (1984).

II. **OVERVIEW OF PLAINTIFF'S OPPOSITION**

In considering Sgt. Barlow's Motion, the Court should note that in his 46 page Opposition Plaintiff avoids a substantive discussion of the facts and law pertinent to the Motion. Plaintiff barely touches on the law of qualified immunity as applied to Sgt. Barlow's detention actions undertaken during his investigation of Plaintiff's wife's 911 domestic violence call. Plaintiff fails to refute the evidence showing that

Reply to Opposition to Motion for Partial Summary Judgment
*Mahoney v. Barlow et al*
Page 3 of 17

Plaintiff was admittedly intoxicated, uncooperative, evasive, dishonest, and physically resistant during the investigation. Instead, Plaintiff expends his energy on a discussion of the law of excessive force, even though Sgt. Barlow has conceded that the issue of physical force, which was not applied until <u>after</u> Plaintiff resisted the detention, is for the jury to resolve. Plaintiff further exerts enormous effort to a diversionary discussion about the law of "probable cause", notwithstanding that Sgt. Barlow's Motion is about a pre-custodial decision to detain, <u>not</u> a confinement coupled with interrogation or search, the triggers for the "probable cause" standard. <u>See</u> <u>Florida v. Royer</u>, 460 US 491, 496 (1983). Apparently, Plaintiff believes that if he cites enough irrelevant criminal procedural case law and if he describes enough irrelevant facts about the physical confrontation that followed Plaintiff's resistance to the detention, the Court will become confused, throw up its hands, and deny partial summary judgment.

The Court should not be drawn in by this tactic. The Court should focus on the salient, undisputed facts described in Sgt. Barlow's Motion as applied to the law of qualified immunity enunciated in <u>Saucier v. Katz</u>, 533 U.S. 194 (2001). The Court should enter partial summary judgment, and thereby streamline the triable issues. <u>See</u> <u>Cactus Corner, LLC v. U.S. Department of Agriculture</u>, 346 F.Supp.2d 1075, 1093 (D. Cal. 2004).

Reply to Opposition to Motion for Partial Summary Judgment
*Mahoney v. Barlow et al*
Page 4 of 17

## III. ARGUMENT

### A. Sgt. Barlow Undertook to Detain Plaintiff, Not to Arrest Him

Plaintiff creates the fiction that when Trooper Barlow told Plaintiff: "Right now you're detained" (Exhibit C to Sgt. Barlow's Motion at 2) Sgt. Barlow was actually trying to place Plaintiff under arrest. Relying on this bogus characterization, Plaintiff contends that Sgt. Barlow arrested Plaintiff without probable cause. Then, using criminal law "fruit of the poisonous tree" logic, Plaintiff incorrectly reasons that Sgt. Barlow is liable for Plaintiff's injuries incurred in the ensuing physical confrontation. Plaintiff's argument is without merit for several reasons.

First, even when the undisputed facts are viewed in the light most favorable to Plaintiff, no reasonable fact finder could legitimately conclude that Sgt. Barlow undertook to arrest rather than detain Plaintiff when he told Plaintiff: "Right now you're detained." Recall that Sgt. Barlow made the decision to detain Plaintiff because Plaintiff was agitated and was exhibiting signs of someone who had "the potential to explode." See Motion at 8, citing Sgt. Barlow's deposition testimony, Exhibit D. He had authority to detain Plaintiff based on the reasonable suspicion that Plaintiff had committed domestic violence. Id. at 9. "The prudent thing to do was place Daniel in handcuffs until we could figure out what's going on...instead of waiting until he potentially acted out on his anger...all the while using judgment that's impaired by alcohol." Motion at 9-10, citing Exhibit D. This testimony establishes

Reply to Opposition to Motion for Partial Summary Judgment
*Mahoney v. Barlow et al*
Page 5 of 17

that Sgt. Barlow sought to detain, <u>not arrest</u>, Plaintiff.

Plaintiff even acknowledges as much. In his Opposition Plaintiff argues that Sgt. Barlow "detained Daniel to handcuff him in order to control his movements, while he further investigated Melodie's 911 report." <u>See</u> Opposition at 7. Additionally, Plaintiff's deposition testimony proves that Sgt. Barlow undertook a detention, not an arrest. Plaintiff testified that Sgt. Barlow told him: "I'm going to have to <u>detain you until I find out what's going on</u>." <u>Exhibit E</u> to Motion to at 103-104. This signifies Plaintiff's recognition (even if his quotation of Sgt. Barlow is inaccurate) that Sgt. Barlow was undertaking a detention, not an arrest. Plaintiff elsewhere testified that he was being detained, not arrested. <u>See</u> <u>Exhibit E</u> to Motion at 122. Plaintiff agrees with Sgt. Barlow that this was a detention.

Second, the undisputed facts prove that nothing Sgt. Barlow did up to and including the moment when he sought to detain and handcuff Plaintiff triggered the need for "probable cause". In his Opposition Plaintiff implies that probable cause is always needed in order to detain and handcuff. That is not the law. The law is that probable cause is needed where is a police confinement goes <u>beyond</u> the limited restraint of a <u>Terry</u> investigatory stop. <u>See</u> <u>Dunaway v. New York</u>, 442 U.S. 200 (1979). In Plaintiff's case, it is undisputable that when Sgt. Barlow told Plaintiff "You're detained," Sgt. Barlow was far, far short of the line between a limited restraint and a "confinement" requiring probable cause. Since probable cause was not needed to justify Sgt. Barlow's actions, the Court should give no credence to Plaintiff's

Reply to Opposition to Motion for Partial Summary Judgment
*Mahoney v. Barlow et al*
Page 6 of 17

"unlawful arrest," "no probable cause" theory.

Third, even if Sgt. Barlow needed probable cause when he told Plaintiff: "You're detained," Sgt. Barlow would still be entitled to summary judgment based on qualified immunity. Qualified immunity protects from civil lawsuit those law enforcement officers who reasonably, but mistakenly, violate a suspect's Fourth Amendment rights. See Saucier v. Katz, 533 U.S. at 204-206. Thus, while Sgt. Barlow's partial summary judgment Motion seeks qualified immunity for his decision to detain based upon reasonable suspicion and specified safety and control considerations, Sgt. Barlow equally recognizes that <u>a reasonable police officer in Sgt. Barlow's position could legitimately believe he had probable cause to actually arrest Plaintiff.</u> See Defendant DeVeaux's Motion for Partial Summary Judgment, Docket at no. 53 at 3-6. Qualified immunity shields a police officer from suit if "a reasonable officer could have believed the arrest to be lawful." Medenhall v. Riser, 213 F.3d 226, 230 (5th Cir. 2000). Even law enforcement officials who reasonably but mistakenly believe that probable cause is present are entitled to qualified immunity. Id., citing Hunter v. Bryant, 502 U.S. 224 (1991). Where officers of reasonable competence could disagree on the existence of probable cause, immunity should be recognized. Mendenhall, 312 F.3d at 230 (additional citations omitted). Therefore Sgt. Barlow is immune even if, as alleged by Plaintiff, he mistakenly arrested Plaintiff without probable cause. For all of these reasons, the Court should enter partial summary judgment for Sgt. Barlow.

Reply to Opposition to Motion for Partial Summary Judgment
*Mahoney v. Barlow et al*
Page 7 of 17

### B.    Sgt. Barlow's Detention Decision Was Lawful

As stated above, Plaintiff's Opposition fails to describe a genuine fact dispute over whether Sgt. Barlow undertook to detain, rather than arrest, Plaintiff. Of equal importance is that Plaintiff does not persuasively address the case law which establishes that Sgt. Barlow's decision to detain and handcuff Plaintiff was thoroughly justified under constitutional law. In light of Plaintiff's failure to apply the governing law to the undisputed facts, the Court should enter partial summary judgment.

To reiterate the facts, Sgt. Barlow's detention and handcuffing decisions were based on Sgt. Barlow's reasonable suspicion that Plaintiff had just committed the crime of domestic violence, coupled with Sgt. Barlow's corroborated observations of Plaintiff's evasiveness, non-compliance, uncooperativeness, combativeness, and threatening behavior during the August 7, 2004 incident. Sgt. Barlow had a reasonable basis to believe Plaintiff had just committed domestic violence based on: 1) Melodie Mahoney's frantic 911 call; 2) Plaintiff's obvious intoxication as reported by Melodie; 3) the fact that Plaintiff's physical description matched Melodie's 911 description; 4) the fact that Plaintiff said "nothing" in response to questions about what had happened; and 5) the fact that Plaintiff was defensive and agitated. Motion at 8-9, citing Exhibit D. Sgt. Barlow perceived the need to detain and handcuff Plaintiff for safety's sake because he needed to be able to maintain a "certain level of control over the situation while he investigated Melodie Mahoney's domestic violence 911 call." Id. at 8, citing Exhibit D. Plaintiff was becoming agitated, was being confrontational, and was

Reply to Opposition to Motion for Partial Summary Judgment
*Mahoney v. Barlow et al*
Page 8 of 17

exhibiting signs of somebody who had the potential to explode.  Id.  See also Exhibit C to Sgt. Barlow's Motion for Partial Summary Judgment, transcript of the partial recording of the incident.[1]

Also to reiterate, Plaintiff's own testimony corroborates Sgt. Barlow's observation of Plaintiff's demeanor and the need to handcuff.  Plaintiff admits he was drunk.  Motion at 8, citing Exhibit E. admits he: refused to "get into specifics" with Sgt. Barlow; refused Sgt. Barlow's request he put down the puppy; contradicted Sgt. Barlow; and lied to Sgt. Barlow when he said "nothing" had happened.  See Motion at 10-12, citing Exhibit E.

The case law, ignored by Plaintiff, firmly establishes that Sgt. Barlow had a solid basis to detain and handcuff Plaintiff based on these undisputed facts.  The law is that a police officer is authorized to stop and briefly detain a suspect for investigative purposes if the officer has a reasonable suspicion supported by particular facts that criminal activity may be afoot, even if the officer lacks probable cause. United States v. Sokolow, 490 U.S. 1, 7 (1989).  Reasonable suspicion exists if, based on the totality of the circumstances, the detaining officer has a particularized and objective basis for suspecting criminal activity.  United States v. Cortez, 449 U.S.,

---

[1] Sgt. Barlow reminds the Court that he attempted to deliver to chambers the compact disc containing the audio recording of the encounter.  Sgt. Barlow has additionally moved, Docket no. 31, for an order allowing submission of the compact disc, marked "Exhibit C (CD)".  The motion at Docket no. 31 is unopposed.  Sgt. Barlow requests that the Court grant the motion, accept delivery, and listen to the CD.

Reply to Opposition to Motion for Partial Summary Judgment
*Mahoney v. Barlow et al*
Page 9 of 17

411, 417 (1981), citing Terry v. Ohio.

The law also is that reasonable suspicion of criminal activity may be based on actions consistent with innocent behavior, such as refusal to cooperate. Oliver v. Woods, 209 F.3d 1179, 1187-1188 (10th Cir. 2000). Where a reasonable suspicion exists and the suspect acts nervous or evasive, the officer may handcuff the suspect as a safety precaution. United States v. Atchley, 474 F.3d 840, 848-849 (6th Cir. 2007). Detention and handcuffing, for safety purposes, of a non-compliant suspect is a reasonable police practice under proper circumstances. United States v. Thompson, 597 F.2nd 187, 190 (9th Cir. 1979). Handcuffing a criminal suspect during a detention does not violate the suspect's Fourth Amendment Rights where there is reasonable suspicion of criminal activity and the suspect's nervous conduct suggests the potential for flight. United State v. Bautista, 684 F.2d 1286, 1288-1289 (9th Cir. 1982). Safety concerns, coupled with suspect non-cooperation, may justify police protective measures during a detention. Winterrowd v. Nelson, 480 F.3d 1181, 1183 (9th Cir. 2007), citing Thompson, supra. All of these cases illustrate the thorough legality of Sgt. Barlow's decision to detain and handcuff Plaintiff. Plaintiff's failure to address the governing law signifies Plaintiff's acknowledgment that the law exonerates Sgt. Barlow.

### C.  Qualified Immunity Bars Plaintiff's Claims.

Plaintiff's Opposition also fails because the Opposition cites no authority for the proposition that Sgt. Barlow violated Plaintiff's clearly established

Reply to Opposition to Motion for Partial Summary Judgment
*Mahoney v. Barlow et al*
Page 10 of 17

constitutional rights when he ordered Plaintiff detained and undertook to handcuff Plaintiff as part of the detention. Recall that qualified immunity attaches <u>unless</u> a Plaintiff can prove <u>not only</u> that his constitutional rights were violated, <u>but also</u> that the law existing at the time of the incident put the police officer on notice that he was violating a "clearly established" constitutional right. <u>Saucier v. Katz</u>, 533 U.S. at 200-202. <u>Hope v. Pelzer</u>, 536 U.S. 730, 741 (2002). If the law is not clearly established, immunity attaches since the officer was not on notice that his conduct would be clearly unlawful. <u>Saucier</u>, 533 U.S. at 202. Whether a right is "clearly established" is determined by Federal law. <u>Davis v. Scherer</u>, 468 U.S. 183, 193-197-1984). The Plaintiff bears the burden of demonstrating that the rights he claims were violated were clearly established at the time of the alleged violation. <u>Moran v. Washington</u>, 147 F.3d 839, 844 (9th Cir. 1988).

In his Opposition Plaintiff cites no authority to show that Sgt. Barlow violated Plaintiff's clearly established constitutional rights when he undertook to detain Plaintiff. Of course, the case law that Sgt. Barlow has cited establishes there was no violation whatsoever, let alone the violation of an established right. Either way, Plaintiff cannot meet his burden.[2]

---

[2] And, the mere possible existence of some Federal case impugning the constitutionality of Sgt. Barlow's detention/handcuffing actions would not be sufficient to defeat qualified immunity. If different courts have reached contradictory conclusions on whether a constitutional right has been violated in a given situation, this means that the right is not clearly established; therefore qualified immunity attaches. <u>Wilson v. Layne</u>, 526 U.S. 603, 618 (1999). <u>See also</u> <u>Swanson v. Powers</u>, 937 F.2d 965, 968 (4th Cir. 1991).

Reply to Opposition to Motion for Partial Summary Judgment
*Mahoney v. Barlow et al*
Page 11 of 17

### D.     Plaintiffs Alleged Facts Are Not Genuine Or Material

In his Opposition Plaintiff alleges certain "facts" which he contends should prevent summary judgment. When considering Plaintiff's "facts" the Court should be mindful that Sgt. Barlow's Motion is directed to detention and handcuffing actions that occurred <u>before</u> Sgt. Barlow and Plaintiff engaged in physical contact. Therefore, Plaintiff's alleged "facts" about what happened during the physical altercation occurring after Plaintiff resisted Sgt. Barlow are irrelevant. The Court may not consider factual disputes that are irrelevant to the resolution of a summary judgment Motion. <u>Anderson v. Liberty Lobby Inc.</u>, 477 U.S. 242, 248 (1986).

As to "facts" alleged in the Opposition that do pertain to Sgt. Barlow's actions leading up to his detention and handcuffing decisions, Plaintiff's "facts" do not defeat summary judgment for the following reasons:

**1.     Melodie Mahoney "never said she was afraid" of Plaintiff. Opposition at 5.** Plaintiff suggests that because Melodie, during her frantic 911 call, did not specify to the dispatcher that she was afraid of Plaintiff, Sgt. Barlow did not have reasonable suspicion that Plaintiff had committed domestic violence. Plaintiff's proposed inference is meritless. When Melodie Mahoney called 911 on a Saturday night in August 2004, she reported that Plaintiff had thrown her bed into the driveway, was driving over the bed, was throwing rocks at her pickup truck while she was in it, was drunk, and was "tormenting me to death", beating on the truck. <u>See</u> Motion at 5-6, citing <u>Exhibit B</u>. Sgt. Barlow had almost all of this information when he arrived at

Reply to Opposition to Motion for Partial Summary Judgment
*Mahoney v. Barlow et al*
Page 12 of 17

Plaintiff's property to investigate Melodie's 911 call, and the information supported his reasonable suspicion that plaintiff had committed domestic violence. Motion at 8-9, citing Exhibit D. Under controlling Federal law, a police officer may detain and handcuff a suspect if the detention closely follows a violent crime. Washington v. Lambert, 98 F.3d 1181 (9th Cir. 1996).

**2.  Trooper Barlow approached Daniel "aggressively", with his hand on his pistol. Opposition at 6.** Plaintiff hopes this "fact" will convince the Court that Sgt. Barlow's actions justified Plaintiff's admitted resistance. See Motion at 12, citing Exhibit E. Plaintiff cites no authority for the proposition that an officer approaching a drunken domestic violence suspect may not place his hand on his holstered pistol. Regarding the allegation that Sgt. Barlow was "aggressive," the Court is reminded that Sgt. Barlow's "Exhibit C (CD)" is an audio recording which captures that initial encounter between Sgt. Barlow and Plaintiff. The CD reflects Sgt. Barlow's tone of voice; it is not "aggressive." When opposing parties have differing interpretations of an electronically recorded event, the Court should view the facts in the light in which they are depicted by the recording. The Court should not defer to the non-movant's strained interpretation. Scott v. Harris, ___U.S. ___, 127 S.Ct. 1769, 1776 (2007).

**3. Daniel didn't know what "detained" meant. Opposition at 7.** Plaintiff suggests that Sgt. Barlow should have explained to him the meaning of the words "you're detained", and should have explained why he was detaining Plaintiff.

Reply to Opposition to Motion for Partial Summary Judgment
*Mahoney v. Barlow et al*
Page 13 of 17

Plaintiff cites no authority for the proposition that a police officer violates a drunk, admittedly non-cooperative, admittedly non-compliant, admittedly dishonest suspect's constitutional rights by not providing the suspect with a step by step explanation of the officer's actions. Police officers are often forced to make split second judgments in circumstances in that are tense, uncertain, and rapidly evolving. Saucier v. Katz, 533 U.S. at 205. That is why they are afforded immunity. And, they do not have time for step by step explanations.

Moreover, whether Plaintiff understood exactly what "detained" meant is immaterial. Plaintiff understood he was not free to leave. Exhibit E to Motion at 144-145. He understood he was being detained until Sgt. Barlow could find out what was going on. Exhibit E at 103-104. He understood that he was not being arrested. Exhibit E at 122. He nonetheless resisted. Exhibit E at 148. See also Exhibit G to Motion at 4.

**4. The police were told by dispatch that Daniel had no access to weapons. Opposition at 8.** Plaintiff suggests that because dispatch advised Sgt. Barlow that Melodie Mahoney had reported that Plaintiff had no weapons, Plaintiff did not pose a safety risk and should not have been detained with handcuffs. Plaintiff cites no authority for the proposition that a drunk domestic violence suspect poses no threat simply because 911 dispatch passes on a report that the suspect is unarmed. To the contrary, the law is that a police officer may detain an unarmed suspect, and where appropriate may handcuff the unarmed suspect as a safety precaution. United States v.

Reply to Opposition to Motion for Partial Summary Judgment
*Mahoney v. Barlow et al*
Page 14 of 17

Atchley, 474 F.3d 840, 848-869 (6th Cir. 2007).

**5.     Before contacting Plaintiff, the officers did not speak with Melodie to "investigate her report to dispatch". Opposition at 8-9.** Plaintiff asserts Sgt. Barlow had a duty to speak to Melodie, the domestic violence victim, before he approached Plaintiff. Presumably Plaintiff believes that Sgt. Barlow could not legitimately develop reasonable suspicion of domestic violence until he spoke with Melodie to reconfirm what she had already reported to dispatch. This is analogous to arguing that an officer responding to a 911 call from a bank teller who identifies a bank robber by physical description and location must first stop at the bank to interview the teller before approaching the known suspect. That is nonsense. Law enforcement officers may rely on credible citizen tips to develop reasonable suspicion. United States v. Atchley, 474 F.3d at 848. This is particularly so where the person providing the tip is the victim. See United States v. Sparks, 265 F.3d 825, 829-830 (9th Cir. 2001). In Alaska, law enforcement may even develop probable cause based on the victim's tip. Lord v. Wilcox, 813 P.2d 658 (Alaska 1991). [3]

---

[3]     Finally, to the extent Plaintiff asserts a common law claim for alleged negligent police investigation by Sgt. Barlow, Alaska law does not recognize such a cause of action. Waskey v. Municipality of Anchorage, 909 P.2d 342, 344 (Alaska 1996).

Reply to Opposition to Motion for Partial Summary Judgment
*Mahoney v. Barlow et al*
Page 15 of 17

### E. Plaintiff's Resistance To Sgt. Barlow's Detention And Handcuffing Was Unlawful; The Only Triable Issue Is Whether Sgt. Barlow Used Reasonable Force In Overcoming Plaintiff's Unlawful Resistance.

Plaintiff immediately resisted when Sgt. Barlow undertook to detain and handcuff him. Motion at 11-12. In so doing Plaintiff violated AS 11.81.400. See Melson v. Municipality of Anchorage, 60 P.3d 199 (Alaska Ct. App. 2002), citing Elson v. State, 659 P.2d 1195 (Alaska 1983). Nor did Plaintiff have a protected constitutional right to resist. See Oliver v. Woods, supra, 209 F.3d at 1190. The Court's summary judgment order should specify that Plaintiff broke the law by resisting Sgt. Barlow's lawful detention.

The Court should rule that the only remaining, triable liability issue is whether Sgt. Barlow and Officer DeVeaux were reasonable in their use of force in overcoming Plaintiff's unlawful resistance. Such a ruling will serve the purpose of Federal Civil Rule 56(d), which is to streamline the case. Cactus Corner, LLC v. U.S. Department of Agriculture, 346 F.2d at 1083. For these reasons Sgt. Barlow respectfully requests that the Court sign, or enter a memorandum order consistent with, Sgt. Barlow's proposed summary judgment order, Docket no. 26.

### IV. CONCLUSION

For the foregoing reasons, and for the reasons stated in Sgt. Barlow's Motion, Docket no. 25, Sgt. Barlow respectfully requests the Court enter partial summary judgment against Plaintiff.

Reply to Opposition to Motion for Partial Summary Judgment
*Mahoney v. Barlow et al*
Page 16 of 17

DATED this 21st day of September, 2007 at Anchorage, Alaska.

TALIS J. COLBERG
ATTORNEY GENERAL

By:   /s/ Gilman Dana S. Burke
Assistant Attorney General
Office of the Attorney General
1031 W. 4th Ave., Ste. 200
Anchorage, AK 99501
Phone: (907) 269-5190
Fax:    (907) 258-0760
Dana_Burke@alaska.gov
TWC_ECF@alaska.gov
ABA No. 9011085

CERTIFICATE OF SERVICE

This is to certify that on this date, a copy of
**Defendant Barlow's Reply to Opposition
Motion for Partial Summary Judgment**
 is being electronically filed and served by mail on:

Arthur S. Robinson
Robinson & Associates
35401 Kenai Spur Highway
Soldotna, AK 99669

Frank Koziol
Attorney at Law
618 Christensen Drive
Anchorage, AK 99501

/s/ Gilman Dana S. Burke 9/21/07

Reply to Opposition to Motion for Partial Summary Judgment
*Mahoney v. Barlow et al*
Page 17 of 17