Arthur S. Robinson
ROBINSON & ASSOCIATES
35401 Kenai Spur Highway
Soldotna, AK 99669
Telephone:  (907) 262-9164
Facsimile:  (907) 262-7034
Email: office@robinsonandassociates.net

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| DANIEL MAHONEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:06-cv-70 (TMB) |
| | ) |
| BRYAN BARLOW, in his individual, | ) |
| Capacity, ANDY DEVEAUX, in his | ) OPPOSITION TO DEVEAUX'S |
| individual capacity and City OF | ) MOTION FOR PARTIAL SUMMARY |
| HOMER. | ) JUDGMENT |
| | ) |
| Defendants. | ) |

**TABLE OF CONTENTS**

STATEMENT IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT........ 3

SUMMARY OF CASE ............................................. 4

STANDARD FOR SUMMARY JUDGMENT ................................ 7

ARGUMENT

    A.   DeVeaux and Barlow Did Not Have Probable Cause
        To Arrest Mahoney................................. 8

    B.   Officers Did Not Have Reasonable Suspicion That
        Mahoney Had Committed Domestic Violence And
        Detention of Mahoney Was Arrest Without
        Probable Cause................................... 12

    C.   Deveaux Is Not Entitled To Qualified Immunity....... 13

    D.   Factual Question Exists As to Whether Mahoney
        Unlawfully Resisted Arrest........................ 14

CONCLUSION ............................................... 14

EXHIBITS

    Warren Woodland Deposition Transcript

    Kathleen Cruikshank Deposition Transcript

    James Hibpshman Deposition Transcript

**STATEMENT IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**

Defendant, Homer Police Officer, Andy Deveaux (DeVeaux) has moved pursuant to Fed. R. Civ. P 56(b)and(c) for partial summary judgment. Deveaux also joins in defendant Barlow's motion for partial summary judgment as a co-movant. (See DeVeaux's Memorandum in Support of Motion at p. 1). DeVeaux seeks a summary judgment order from the trial court holding that as a matter of law he is entitled to judgment dismissing plaintiff's claims for assault and battery, false arrest, and false imprisonment because: (1) Deveaux had probable cause to arrest plaintiff; (2) DeVeaux had reasonable suspicion to detain and handcuff plaintiff; and (3) DeVeaux is entitled to qualified immunity barring plaintiff's assault and battery, false arrest, false imprisonment, and 42 U.S.C. sec. 1983 claims against him. DeVeaux also wants the order to further specify that plaintiff's resistance to him was unlawful and therefore, the only remaining triable claim is plaintiff's claims against DeVeaux for use of excessive force in making the arrest of plaintiff.

Plaintiff opposes defendant's summary judgment motion on the grounds that they are material facts to be litigated as to:

1) Whether the seizure of plaintiff was an arrest?;

2) If the seizure was an arrest was it one based on probable cause?;

3) Was excessive force used by DeVeaux under the circumstances in making the arrest of plaintiff; and

4) Whether a reasonable officer under the circumstances knew or should have known that his use of force could violate plaintiff's constitutional right against unreasonable seizures?

Plaintiff opposes defendant's motion further on the grounds that DeVeaux is not entitled to qualified immunity and therefore, plaintiff's claims for assault and battery, false arrest, false imprisonment and civil rights violations under 42 U.S.C. sec. 1983 are not barred against DeVeaux.

## SUMMARY OF CASE

The evidence in this case was summarized in plaintiff's opposition to defendant Barlow's *Motion for Partial Summary Judgment*. For purposes of plaintiff's opposition to DeVeaux's *Motion for Partial Summary Judgment*, plaintiff incorporates the summary of the case contained in his opposition to Barlow's motion and the copies of depositions and other exhibits attached to his opposition. The following summary of evidence is based upon evidence contained in the depositions of Warren Woodland, Kathleen Cruikshank and James Hibpshman, attached to this opposition as Exhibits 1, 2 and 3 respectively.

On the evening of August 7, 2004, Warren Woodland (Woodland) and his wife, Kathleen Cruikshank, were present at the property of Daniel Mahoney located on McBride Street in Homer at the time Trooper Barlow and Officer DeVeaux arrived there to investigate Melodie Mahoney's call to the local police dispatch in Homer. (Woodland depo. at pp. 29; 42-45); (Cruikshank depo. at p. 16)

They were there visiting with a friend, Anna Karanik, who lives in a trailer on plaintiff's property on McBride Street, and some other friends to cook up some halibut Woodland had caught earlier in the day. (Woodland depo. pp. 22-26); (Cruikshank depo. pp. 8-10)

Both Woodland and his wife heard conversation and observed actions between the police and plaintiff during the incident between plaintiff and the police. (Woodland depo. at pp. 47-52; 54-76; 81-84; 87; 129-131); (Cruikshank depo. at pp. 16-32; 37; 85-86) Woodland had not consumed any alcohol or any other kind of substance that would have impaired his ability to see or hear what transpired between plaintiff and the police officers. (Woodland depo. pp.30-32; 141) When the police approached plaintiff he was holding a puppy across his forearm and petting it with his right hand. It did not appear to Woodland that he was hurting the puppy. (Woodland depo. pp. 140; 146-147)

Woodland never heard plaintiff at any time use any threatening words toward Barlow or DeVeaux or commit any violent acts towards the police. (Woodland depo. P. 140-141) Woodland never observed plaintiff act in a way that was aggressive or mean toward the police officers. (Woodland depo. p. 140-143; 146; 153-154) Woodland never heard any inflection in plaintiff's voice in conversation with police that lead him to believe that plaintiff was agitated or tense. (Woodland depo. p. 158-159) Woodland never observed plaintiff at any time while he was with the police act

as if he was intoxicated. (Woodland depo. p. 145-146) Woodland observed that the police during their conversation with plaintiff at the property were confrontational towards plaintiff. According to Woodland, both police officers appeared to have an "agenda" of confrontation when they first arrived on the scene. (Woodland depo. pp. 144-145; 152)

Woodland's wife Kathleen never observed plaintiff acting agitated. (Cruikshank depo. pp. 63-64) Cruikshank felt threatened by the police because of the way they were acting. (Cruikshank depo. pp. 65-66) She never heard plaintiff say anything threatening toward the police or anyone else. (Cruikshank depo. pp. 66-70) Cruikshank never saw plaintiff be uncooperative with the police. (Cruikshank depo. pp. 9-92) She never saw plaintiff do anything that was unsafe toward the police officers or others, including himself. (Cruikshank depo. pp. 92-93)

## STANDARD FOR SUMMARY JUDGMENT

Under Fed. Civ. R. 56(c), summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, show there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law. A genuine issue of material fact exists if the evidence would allow a reasonable finder of fact to return a verdict for a nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In ruling on am motion for summary judgment the court

must draw all reasonable inferences of fact from proffered proofs in favor of the nonmoving party opposing summary judgment and against the moving party. *Id.* at 255.

## ARGUMENT

### A. DeVeaux and Barlow Did Not Have Probable Cause To Arrest Mahoney

"The security of one's privacy against arbitrary intrusion by the police--which is at the core of the Fourth Amendment--is basic to a free society." *Wolf v. Colorado*, 338 U.S. 25, 27 (1949).

DeVeaux asserts that probable cause existed to arrest plaintiff at the time the decision was made to handcuff plaintiff. Probable cause for an arrest exists if that police have a reasonable belief from the totality of the facts and circumstances that an offense has been committed and that the suspect has committed it. *Brinegar v. United States*, 338 U.S. 160, 175-76 (1949). The evidence on file establishes that neither Barlow nor DeVeaux had probable cause to arrest plaintiff at the time the decision was made to handcuff plaintiff.

It should be noted by the court that at the time the decision was made to handcuff plaintiff both Barlow and Deveaux had virtually the same information. Barlow admits that at the

moment he told Daniel he was being detained he did not have probable cause to arrest Daniel because he did not have any specific facts known to him tying Daniel to any criminal activity. (Barlow depo. p. 72) He said he needed to further investigate the 911 report by visiting the scene of the alleged crime at Marlea St., talking with Melodie, and verifying the alleged events of Daniel running over the bed with his truck and throwing rocks at the truck Melodie was inside of. (Barlow depo. p. 73)

DeVeaux participated in restraining plaintiff with handcuffs. DeVeaux, like Barlow, did not have any specific facts known to him tying Daniel to any criminal activity at the time Barlow told plaintiff he was detained and the decision was made to handcuff plaintiff. DeVeaux argues that since Melody Mahoney was a citizen victim and not an unreliable criminal informant, proof of veracity of her hearsay story to dispatch was not required. He argues that her veracity should be assumed unless there is contrary information received by the police. He claims the police had no contrary information. However, that is not true. When the police contacted plaintiff at his property to question him about the story dispatch received from Melodie, Barlow asked plaintiff, "What happened tonight with your wife?"

Plaintiff replied, "Nothing." Stating that nothing happened was contrary and contradictory information from what the police had heard from dispatch.

Thus, given this contrary and contradictory information, a reasonable police officer would not have had probable cause to believe that plaintiff had committed assault against his wife. The fact that plaintiff was identified as Daniel Mahoney, was located where Melodie stated he had gone, was dressed as described and was intoxicated did not establish probable cause to believe that a crime had been committed and that plaintiff had committed it.

Trooper James Hibpshman was Barlow's supervisor on the night in question, August 7, 2004. (Hibpshman depo. p. 7) He testified at his deposition that he reviewed Barlow's police report about the detention of plaintiff.(Hibpshman depo. pp. 4-6) He testified that Barlow did not have probable cause to arrest plaintiff. (Hibpshman depo. pp. 31-35)

Neither Barlow nor Deveaux had probable cause to arrest plaintiff.  Although Melodie was able to describe plaintiff in the call to dispatch as her husband and what he was wearing, that is not too unusual since they were husband and wife.  The fact that the police verified plaintiff as Melodie's husband and

what he was wearing and a state of intoxication is not sufficient to establish probable cause for an arrest. The police officers did not, before arresting plaintiff, verify with physical evidence that a bed had been run over with a vehicle and damaged or that Melodies' truck had been pelted with rocks or banged on and damaged. Further, when plaintiff told Barlow nothing had happened with his wife and him that night Melodie's credibility was in dispute. It cannot be said that Melodie had no reason to lie. At the time plaintiff was arrested neither police officer had an objective basis to reasonably believe that a crime had been committed and that plaintiff had committed it. Plaintiff was arrested without probable cause in violation of his Fourth Amendment constitutional right to be free from unreasonable seizure.

    Moreover, there is factual questions in dispute of whether the police in this case arrested plaintiff or restrained him by means of investigatory detention. Barlow in his motion for partial summary judgment asserts that plaintiff was not arrested but restrained by means of investigatory detention. This is in opposition to Deveaux's assertion that plaintiff was in fact arrested. Although in criminal cases the question of whether a police officer had probable cause to make an arrest is a

question for the court to decide, there is substantial authority that in §1983 cases this issue should be submitted to a jury upon proper instructions defining probable cause. *Thacker v. City of Columbus*, 328 F.3d 244, 255 (6th Cir. 2003)(probable cause is a jury question, unless there is only one reasonable determination possible). The inquiry is of necessity fact-specific in each case. *Kijonka v. DeFillippo*, 443 U.S. 31 (1979).

Drawing all reasonable inferences from the evidence in favor of plaintiff, the nonmoving party, and against defendant, there are genuine issues of material fact in dispute as to whether the police officers arrested plaintiff and whether the arrest was without probable cause. DeVeaux is not entitled to summary judgment on this issue.

**B.   Officers Did Not Have Reasonable Suspicion That Mahoney Had Committed Domestic Violence And Detention of Mahoney Was Arrest Without Probable Cause.**

DeVeaux argues that the police officers had reasonable suspicion that plaintiff had committed domestic violence and that detention of plaintiff with handcuffs was reasonable under the circumstances. This argument is without merit. The total facts and circumstances in this case establish that plaintiff was arrested without probable cause and was not restrained by

means of investigatory detention. Plaintiff relies on his argument in opposition to Barlow's motion for partial summary judgment on this issue. He incorporates his argument in opposition to Barlow's motion as support for his opposition to DeVeaux's motion for summary judgment on this issue.

**C. Deveaux Is Not Entitled To Qualified Immunity**

Deveaux argues that he is entitled to qualified immunity. Plaintiff disagrees. Deveaux is not entitled to qualified immunity because the totality of the facts and circumstances from the evidence in this case, drawing all reasonable inferences in favor plaintiff, shows that his conduct violated plaintiff's constitutional right to be free from unreasonable seizure. The law of unlawful and unreasonable seizure in effect at the time the seizure took place gave DeVeaux fair notice that his conduct in seizing plaintiff was unconstitutional. See *Washington v. Lambert*, 98 F. 3d 1181, (9th Cir. 1996) as to clearly established law.

Plaintiff incorporates his argument set forth in his opposition to Barlow's motion for partial summary judgment for support of plaintiff's opposition to DeVeaux's motion for partial summary judgment on the issue of qualified immunity.

It was not objectively reasonable for DeVeaux to assist in the arrest of plaintiff even if the arrest was unlawful. The clearly established law in effect at the time of the seizure

does not entitle DeVeaux to qualified immunity. DeVeaux participated with Barlow in the handcuffing and arrest of plaintiff. His conduct was equally as unlawful as Barlow's.

### D. Factual Question Exists As to Whether Mahoney Unlawfully Resisted Arrest

Plaintiff incorporates his argument in opposition to Barlow's motion for partial summary judgment in opposition to Deveaux's motion for partial summary judgment on the issue of whether the court should find as matter of law that plaintiff unlawfully resisted his detention and handcuffing by holding his hands into his body.

### CONCLUSION

For reasons set forth herein and in plaintiff's opposition to Barlow's motion for partial summary judgment, the court should deny DeVeaux's motion for partial summary judgment. The court should not dismiss any of plaintiff's claims against defendant DeVeaux.

Dated: October 12, 2007          ROBINSON & ASSOCIATES

                                 By: s/ARTHUR S. ROBINSON (7405026)
                                 Attorney for Plaintiff
                                 35401 Kenai Spur Highway
                                 Soldotna, AK 99669
                                 Tel: (907) 262-9164
                                 Fax: (907) 262-7034
                                 Office@robinsonandassociates.net

CERTIFICATE OF SERVICE

    THIS IS TO CERTIFY that on the 12th day of October, 2007, a copy of the foregoing Opposition to Deveaux's Motion for Partial Summary Judgment was electronically mailed to the following:

    Gilman Dana S. Burke   Dana_Burke@law.state.ak.us
    Frank S. Koziol   koziol@gci.net
    Dept. H&SS, OCS   Jan.Rutherford@Alaska.gov

                                          s/Arthur S. Robinson