FRANK S. KOZIOL, ESQ.
Attorney at Law
618 Christensen Drive
Anchorage, Alaska 99501
TEL: 907-258-7706
FAX: 907-258-7707

Counsel for Defendant
ANDY DEVEAUX

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| DANIEL MAHONEY,<br><br>   Plaintiff,<br><br>  vs.<br><br>BRYAN BARLOW, in his individual capacity, ANDY DEVEAUX, in his individual capacity and CITY OF HOMER,<br><br>   Defendants. | Case No. 3:06-CV-00070 [TMB]<br><br>REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT ANDY DEVEAUX'S MOTION FOR PARTIAL SUMMARY <u>JUDGMENT</u> |

FRANK S. KOZIOL
ATTORNEY AT LAW
618 CHRISTENSEN DRIVE
ANCHORAGE, AK 99501
(907) 258-7706
FAX (907) 258-7707

TABLE OF CONTENTS

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . i

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . 1

ARGUMENTS . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    I. PROBABLE CAUSE EXISTED TO ARREST DANIEL
       MAHONEY AT THE TIME THE DECISION TO
       HANDCUFF WAS MADE. . . . . . . . . . . . . . . 1

    II. THE OFFICERS HAD A REASONABLE SUSPICION
        THAT DANIEL MAHONEY HAD COMMITTED DOMESTIC
        VIOLENCE AND THAT DETENTION WITH HANDCUFFS
        WAS REASONABLE UNDER THE CIRCUMSTANCES. . . 3

    III. OFFICER DEVEAUX IS ENTITLED TO QUALIFIED
         IMMUNITY. . . . . . . . . . . . . . . . . . . . 3

    IV. DANIEL MAHONEY'S RESISTANCE TO THE DETENTION
        AND HANDCUFFING WAS UNLAWFUL AND SHOULD RULE
        THAT THIS IS THE LAW OF THE CASE. . . . . . 4

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . 4

FRANK S. KOZIOL
ATTORNEY AT LAW
618 CHRISTENSEN DRIVE
ANCHORAGE, AK 99501
(907) 258-7706
FAX (907) 258-7707

## INTRODUCTION

DeVeaux responds to Plaintiff's Opposition to the Motion for Partial Summary Judgment as follows.

## STATEMENT OF THE CASE

Daniel Mahoney (Mahoney) relies upon the deposition testimony of two witnesses, Warren Woodland (Woodland) and Kathleen Cruikshank, in opposing the motion. Their testimony is of marginal relevancy and it does not undercut the assertions of probable cause and reasonable suspicion.

Remarkably, these witnesses noticed no signs of Mahoney's intoxication even though Mahoney admitted he was intoxicated, that his speech was slurred, his gait was affected, and his thinking impaired.[1] Though Woodland did testify that he saw Mahoney petting the dog and not hurting it, he did later hear but not see the dog "yelp." He did not know what caused the dog's response.[2]

## ARGUMENTS

I. PROBABLE CAUSE EXISTED TO ARREST DANIEL MAHONEY AT THE TIME THE DECISION TO HANDCUFF WAS MADE.

Mahoney asserts that Defendant DeVeaux did not have

---

[1] See, Barlow's Motion for Partial Summary Judgment at 11-12.

[2] Plaintiff's Exhibit 1 at 140, 146-147,

FRANK S. KOZIOL
ATTORNEY AT LAW
618 CHRISTENSEN DRIVE
ANCHORAGE, AK 99501
(907) 258-7706
FAX (907) 258-7707

Reply to Plaintiff's Opposition to Defendant Andy DeVeaux's Motion for Partial Summary Judgment
Mahoney v. Barlow, et al., Case No. 3:06-CV-00070 [TMB]
Page 1 of 5

specific facts known to him tying Mahoney to any criminal activity at the time Mahoney was told he was detained.[3]

Mahoney ignores the reporting by Melodie Mahoney of the contemporaneous acts of violence by Mahoney to the police dispatcher. Mahoney disregards the corroborating facts obtained by the police officers at the scene. These facts support Defendant DeVeaux's view that probable cause existed to arrest Mahoney for Assault in the Fourth Degree in violation of AS 11.41.230(a)(3) by recklessly placing Melodie Mahoney in fear of imminent physical injury by words or other conduct.

This probable cause was not undercut by an intoxicated Mahoney stating that "nothing" had happened between he and his wife. This statement gave no information to the police and did not, as contended by Mahoney, undercut Melodie Mahoney's credibility. No facts were given to the police officers and they had no reason to disbelieve the statements of Melodie Mahoney at the time Mahoney was restrained.

The undisputed facts support Defendant DeVeaux's assertion that probable cause existed to arrest Mahoney at the time the decision to handcuff was made. It is irrelevant that Barlow thought he could only detain and not arrest Mahoney. The

---

[3]Plaintiff's Opposition at 8.

Reply to Plaintiff's Opposition to Defendant Andy DeVeaux's Motion for Partial Summary Judgment
Mahoney v. Barlow, et al., Case No. 3:06-CV-00070 [TMB]
Page 2 of 5

FRANK S. KOZIOL
ATTORNEY AT LAW
618 CHRISTENSEN DRIVE
ANCHORAGE, AK 99501
(907) 258-7706
FAX (907) 258-7707

legal question presented is, on the undisputed facts, did probable cause exist for an arrest, apart from any subjective belief of the officers. This is a legal issue for the Court to decide.[4]

### II. THE OFFICERS HAD A REASONABLE SUSPICION THAT DANIEL MAHONEY HAD COMMITTED DOMESTIC VIOLENCE AND THAT DETENTION WITH HANDCUFFS WAS REASONABLE UNDER THE CIRCUMSTANCES.

Mahoney does not address the legal authority cited by Defendant DeVeaux in his opposition. The authority cited is persuasive and this Court should find that the officers had reasonable suspicion to detain and handcuff.

### III. OFFICER DEVEAUX IS ENTITLED TO QUALIFIED IMMUNITY.

Defendant DeVeaux is entitled to qualified immunity because it was objectively reasonable for him to assist Defendant Barlow in detaining Mahoney since the law required Mahoney to submit to even unlawful arrests and detentions. Defendant DeVeaux was reasonably assisting in preventing any battle between Defendant Barlow and Mahoney when he assisted in the detention. Mahoney cites no clearly established authority to the contrary. Qualified immunity should be found.

---

[4] It is similarly irrelevant that Trooper James Hibpshman opined that probable cause was lacking. See, Plaintiff's Opposition at 9.

Reply to Plaintiff's Opposition to Defendant Andy DeVeaux's Motion for Partial Summary Judgment
Mahoney v. Barlow, et al., Case No. 3:06-CV-00070 [TMB]
Page 3 of 5

FRANK S. KOZIOL
ATTORNEY AT LAW
618 CHRISTENSEN DRIVE
ANCHORAGE, AK 99501
(907) 258-7706
FAX (907) 258-7707

IV. **DANIEL MAHONEY'S RESISTANCE TO THE DETENTION AND HANDCUFFING WAS UNLAWFUL AND SHOULD RULE THAT THIS IS THE LAW OF THE CASE.**

Defendant DeVeaux has nothing further to add to this argument as Mahoney simply incorporates by reference his prior arguments in opposition to Barlow's Motion for Partial Summary Judgment.

## CONCLUSION

For the aforementioned reasons, Defendant DeVeaux should be granted partial summary judgment.

DATED: 10/19/2007              LAW OFFICE OF FRANK S. KOZIOL
                               Attorney for Defendant Andy
                                 DeVeaux


                               By: /s Frank S. Koziol
                                   Law Office of Frank S. Koziol
                                   618 Christensen Drive
                                   Anchorage, Alaska 99501
                                   Phone: 907-258-7706
                                   Fax: 907-258-7707
                                   Email: koziol@gci.net
                                   ritagutierrez.koziol@gci.net
                                   ABA No. 7210054

FRANK S. KOZIOL
ATTORNEY AT LAW
618 CHRISTENSEN DRIVE
ANCHORAGE, AK 99501
(907) 258-7706
FAX (907) 258-7707

Reply to Plaintiff's Opposition to Defendant Andy DeVeaux's Motion for Partial Summary Judgment
*Mahoney v. Barlow, et al.*, Case No. 3:06-CV-00070 [TMB]
Page 4 of 5

THIS IS TO CERTIFY that a copy of the foregoing was served electronically and by U. S. Mail upon:

Arthur S. Robinson, Esq.
Robinson & Associates
35401 Kenai Spur Highway
Soldotna, Alaska 99669

G. Dana S. Burke, Esq.
Office of the Attorney General
1031 West Fourth Avenue, Suite 200
Anchorage, Alaska 99501


/s Frank S. Koziol 10/19/07

FRANK S. KOZIOL
ATTORNEY AT LAW
618 CHRISTENSEN DRIVE
ANCHORAGE, AK 99501
(907) 258-7706
FAX (907) 258-7707

Reply to Plaintiff's Opposition to Defendant Andy DeVeaux's Motion for Partial Summary Judgment
*Mahoney v. Barlow, et al.*, Case No. 3:06-CV-00070 [TMB]
Page 5 of 5