Arthur S. Robinson
ROBINSON & ASSOCIATES
35401 Kenai Spur Highway
Soldotna, AK  99669
Telephone: (907) 262-9164
Facsimile: (907) 262-7034
office@robinsonandassociates.net

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| DANIEL MAHONEY ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | Case No. 3:06-cv-00070-TMB |
| ) | |
| BRYAN BARLOW, in his individual, ) | |
| Capacity, ANDY DEVEAUX, in his ) | |
| individual capacity. ) | **MOTION FOR RECONSIDERATION** |
| ) | |
| Defendants. ) | |

Plaintiff, Daniel Mahoney, pursuant to Local Rule 59.1 and Fed. R. Civ. P. 59 and 6, respectfully requests that the court reconsider its Order dated March 26, 2008, granting defendants' motions for partial summary judgment regarding qualified immunity. In reaching its decision the Court overlooked, misapplied, or misconceived material facts and propositions of law regarding qualified immunity. Plaintiff requests the court reconsider its order and deny defendants' motions.

**A.   Defendants are not entitled to qualified immunity as to defendants actions up to the point Barlow made the decision to detain and handcuff plaintiff.**

**1.   Court misconceived or overlooked material facts regarding reasonable suspicion.**

The Court states on page 2 of its decision that one of the details of Melodie's 911 phone call that Homer dispatch relayed to Officer DeVeaux and Trooper Barlow was that Plaintiff was intoxicated. This is clearly erroneous. The Court repeats this

erroneous fact on pages 11 and again on page 13 of its [1]decision
where it uses it as one of the factors in reaching its decision
that the police had reasonable suspicion to stop and detain
plaintiff. A careful review of pages 7 and 9 of Exhibit B to
Barlow's motion shows that at no time did dispatch relay to the
officers that Plaintiff was intoxicated. It was error for the
court to conclude that the police observation of this relayed
detail formed a basis for reasonable suspicion when this detail
was not relayed to the officers.

The only remaining details mentioned by the court that
formed the basis for reasonable suspicion was how Plaintiff was
dressed and where he was located. The fact that Plaintiff was
dressed as Melodie says he was and was located on McBride are
innocuous facts that do not form the basis for reasonably
suspecting plaintiff was engaged in criminal activity.[1] Plaintiff
is no stranger to Melodie. As his wife, Melodie would or should
know what her husband was wearing and where he might be located.
These wholly innocuous details are insufficient to establish
Melodie's credibility of a report of a suspected crime.

The court further states at pages 13-14 of the order that
reasonable suspicion is supported by "inconsistent" answers given
by Mahoney in response to Barlow's questions about what happened
that night. These statements are not inconsistent in the context
which they were made. The court's conclusion is clearly
erroneous. The basis for reasonable suspicion must be formed by
"specific articulable facts, which, together with objective and
reasonable inferences, form the basis for suspecting that the
particular person detained is engaged in criminal activity."[2] In
context, a reasonable inference can be drawn from the statements
to mean "I'm not going to tell you just anything, what
specifically do you need to know about what happened tonight?"
The statements are not inconsistent.

---

[1] . *Carter v. State*, 910 P.2d 619, 623-24 (Alaska App. 1996)
[2] *United States v. Colin*, 314 F.3d 439, 442 (9th Circuit 2002)

**2.    Court did not, as required, view the facts in the light most favorable to the nonmoving party as to plaintiff's state of mind by the time the police arrived.**

In ruling on a motion for summary judgment, the evidence of the nonmoving party is to be believed, and justifiable inferences are to be drawn in his favor.[3] The use of *Scott v. Harris*[4], in this case to conclude that a partial "audio" recording "blatantly contradicts" Mahoney's assertions during his deposition that he was "calmed down" and was "happy" by the time defendants arrived at his property is a misapplication of that case. In *Scott* the Supreme Court found that because the record included a "videotape" of the entire high-speed chase at issue, there could be no dispute of material fact with respect to the situation the officers confronted and that the plaintiff's version of events had been "utterly discredited" by the videotape.[5] No such indisputable evidence is contained in the audio record before the court on defendants' motions. Rather the identified disputed issues of material fact are supported by the evidence of record in Mahoney's deposition. (See Mahoney's deposition at pp. 93-97) When asked at his deposition what effects of intoxication he was feeling at the point the police arrived Mahoney answered, "I was just—-I was happy." The partial audio tape does not clearly show through sight and sound the entire version of events at the time the police pulled up in Mahoney's yard at McBride that "utterly discredits" Mahoney. It does not even clearly establish the demeanor or mannerisms of Mahoney or the police officers "by the time" or when the officers arrived at Mahoney's property. There is a world of difference between the video tape in *Scott* and the

---

[3] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242,254(1986)(quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144,159-159(1970)
[4] 127 S.Ct. 1769, 1776(1970)
[5] 127 S.Ct. at 1775-76

audio recording in this case, that at best contains sounds of conversational speech between plaintiff and Barlow after the police arrived and up to the point Barlow decided to detain Mahoney.

**B.    The stop of Plaintiff was an arrest.**

At the time of Mahoney's detention the law was clearly established that when making a *Terry* stop police officers may not use highly intrusive measures such as the ones used in this case (use of pepper spray and handcuffing), unless circumstances reasonably justify such extraordinary procedures to ensure the officer's safety.[6] To decide whether police action constitutes a *Terry* stop or an arrest the court evaluates not only how intrusive the stop was, but also whether the methods used were reasonable given the specific circumstances.[7] The Court relied on *Lambert v. Washington*[8] to conclude that special circumstances existed at the time Barlow decided to detain and handcuff Mahoney to justify use of especially intrusive means of affecting the stop. The special circumstances identified by the court were plaintiff's statements as being uncooperative and agitated when the police arrived and that the stop closely followed a violent crime. The court misapplied or misconceived the application of the *Lambert* case in reaching this conclusion.

The Court in *Lambert* said that the court's cases "make clear" that it has "only allowed" the use of especially intrusive means of effecting a stop in special circumstances such as: 1) where the suspect is uncooperative or takes action at the scene that raises the possibility of danger or flight; ... 3) where the stop closely follows a violent crime. All the

---

[6] *United States v. Jacobs*, 715 F.2d 1343,1345-1346 (9th Cir. 1893)
[7] *United States v. Del Vizo*, 918 F.2d 821, 824 (9th Cir. 1990).
[8] 98 F.3d 1181, 1189 (9th Cir. 1996)

examples cited by the *Lambert* court go to circumstances that reasonably justify the use of especially intrusive means in order to ensure the officers' safety. Nothing more. (See footnote 12 in *Lambert* for examples of suspect's uncooperativeness and footnote 14 for example of stop closely following a violent crime). The circumstances in the present case that the court cites as examples of special circumstances justifying the use of especially intrusive means of effecting a stop are not anywhere close to the special circumstances the appeals court has allowed.

Dated this 2nd day of April 2008.

ROBINSON & ASSOCIATES

By:  s/ARTHUR S. ROBINSON
     Attorney for Plaintiff (7405026)
     35401 Kenai Spur Highway
     Soldotna, AK 99669
     Tel: (907) 262-9164
     Fax: (907) 262-7034
     Email: Office@robinsonandassociates.net

**Certificate of Service**
I HEREBY CERTIFY that on April 2, 2008, a copy of the foregoing was served electronically on Gilman Dana S. Burke Dana_Burke@law.state.ak.us and Frank S. Koziol koziol@gci.net
By: s/Arthur S. Robinson