FRANK S. KOZIOL, ESQ.
Attorney at Law
618 Christensen Drive
Anchorage, Alaska 99501
907-258-7706

Counsel for Defendant
ANDY DEVEAUX

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| DANIEL MAHONEY, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> BRYAN BARLOW, in his ) <br> individual capacity, ANDY ) <br> DEVEAUX, in his individual ) <br> capacity and CITY OF HOMER, ) <br> ) <br> Defendants. ) <br> ) | Case No. 3:06-CV-00070 [TMB] <br><br><br> DEFENDANT ANDY DEVEAUX'S <br> RESPONSE TO MOTION FOR <br> <u>RECONSIDERATION</u> |

COMES NOW Defendant ANDY DEVEAUX (Defendant), by and his attorney, FRANK S. KOZIOL, and, hereby responds to Plaintiff's Motion for Reconsideration dated April 2, 2008 as follows.

    1.    Reasonable Suspicion to Stop Plaintiff Existed When the Defendants Decided to Detain Plaintiff.

The Court correctly concluded that the Defendants conducted

FRANK S. KOZIOL
ATTORNEY AT LAW
618 CHRISTENSEN DRIVE
ANCHORAGE, AK 99501
(907) 258-7706
FAX (907) 258-7707

a valid investigatory stop based upon reasonable suspicion.[1] As the Court stated, reasonable suspicion is formed by "specific articulable facts which, together with objective and reasonable inferences, form the basis for suspecting that the particular person detained is engaged in criminal activity."[2]

Plaintiff correctly asserts that the Court erred in stating that the dispatcher passed on to the officers that Melody Mahoney said her husband was intoxicated.[3] While Melody did tell the dispatcher that her husband was drunk, the dispatcher did not pass this information on to the police officers.[4] However, this error is immaterial.

Information known but not broadcast by a dispatcher may be considered in determining whether an investigative stop is supported by reasonable suspicion. The dispatcher's knowledge is imputed to the officer.[5] The police officer's observations

---

[1] Order: Re Defendant's Motions for Partial Summary Judgment Based on Qualified Immunity dated March 26, 2008 at 14.

[2] Id. at 13.

[3] Plaintiff's Motion for Reconsideration at 1-2.

[4] Barlow's Motion for Summary Judgment, Exhibit B at 2.

[5] State v. Prater, 958 P.2d 110, 112-113 (Alaska App. 1998).

FRANK S. KOZIOL
ATTORNEY AT LAW
618 CHRISTENSEN DRIVE
ANCHORAGE, AK 99501
(907) 258-7706
FAX (907) 258-7707

Defendant Andy DeVeaux's Response Plaintiff's Motion for Reconsideration
Mahoney v. Barlow, et al., Case No. 3:06-CV-00070 [TMB]
Page 2 of 5

that Plaintiff was drunk confirms the information given to the dispatcher by Melodie.

Even if the knowledge was not imputed, there was still significant confirmation of what the dispatcher had told the officers. Plaintiff was dressed and was found at the McBride location as described.

Furthermore, there was nothing learned by the police officers that contradicted the information received from Melodie as to what had occurred. Plaintiff's statement that "nothing" happened that night is inconsistent with the information that the police received that Plaintiff was throwing rocks at Melodie.

Melodie had given information sufficient for the officers to believe that a crime had been committed and that Plaintiff had committed it.

    2.    Plaintiff Was Uncooperative And The Officers Could Reasonably Believe That A Violent Crime Had Occurred.

This Court correctly found that two of the Washington v. Lambert factors exist and that handcuffing was, therefore,

FRANK S. KOZIOL
ATTORNEY AT LAW
618 CHRISTENSEN DRIVE
ANCHORAGE, AK 99501
(907) 258-7706
FAX (907) 258-7707

Defendant Andy DeVeaux's Response Plaintiff's Motion for Reconsideration
*Mahoney v. Barlow, et al.*, Case No. 3:06-CV-00070 [TMB]
Page 3 of 5

appropriate.[6]

Plaintiff complains that a finding he was uncooperative based upon the evidence set forth in the audiotape is unwarranted.[7] However, the audiotape shows Plaintiff twice refusing to answer questions about the evenings events, refused to put down the puppy, and then denied anything of significance had happened that evening.[8]

This is undisputed evidence of uncooperativeness and the Court correctly found the first factor satisfied.

Plaintiff does not dispute the finding of the existence of another factor, that the officers reasonably believed that a violent crime had occurred. Nevertheless, Plaintiff asserts that this is insufficient under <u>Washington v. Lambert</u> to permit handcuffing pursuant to an investigatory stop.[9] This is a rehashing of Plaintiff's prior arguments without any citation to

---

[6] Order: Re Defendant's Motions for Partial Summary Judgment Based on Qualified Immunity dated March 26, 2008 at 8-13.

[7] Plaintiff's Motion for Reconsideration at 3-4.

[8] Order: Re Defendant's Motions for Partial Summary Judgment Based on Qualified Immunity dated March 26, 2008 at 11.

[9] Plaintiff's Motion for Reconsideration at 4-5.

Defendant Andy DeVeaux's Response Plaintiff's Motion for Reconsideration
*Mahoney v. Barlow, et al.*, Case No. 3:06-CV-00070 [TMB]
Page 4 of 5

FRANK S. KOZIOL
ATTORNEY AT LAW
618 CHRISTENSEN DRIVE
ANCHORAGE, AK 99501
(907) 258-7706
FAX (907) 258-7707

new law.

With two of the <u>Washington v. Lambert</u> factors found, this Court correctly concluded that qualified immunity would apply under the <u>Saucier v. Katz</u> standard.[10]

DATED: 04/18/2008                LAW OFFICE OF FRANK S. KOZIOL
                                 Attorney for Defendant Andy DeVeaux

                                 By: <u>/s Frank S. Koziol</u>
                                     Law Office of Frank S. Koziol
                                     618 Christensen Drive
                                     Anchorage, Alaska 99501
                                     Phone: 907-258-7706
                                     Fax: 907-258-7707
                                     Email: <u>koziol@gci.net</u>
                                     <u>ritagutierrez.koziol@gci.net</u>
                                     ABA No. 7210054


THIS IS TO CERTIFY that a copy of the foregoing was served electronically and by U. S. Mail upon:

Arthur S. Robinson, Esq.
Robinson & Associates
35401 Kenai Spur Highway
Soldotna, Alaska 99669

G. Dana S. Burke, Esq.
Office of the Attorney General
1031 West Fourth Avenue, Suite 200
Anchorage, Alaska 99501

/s Frank S. Koziol 04/18/08

---

[10] 533 U.S. 194, 201 (2001).

FRANK S. KOZIOL
ATTORNEY AT LAW
618 CHRISTENSEN DRIVE
ANCHORAGE, AK 99501
(907) 258-7706
FAX (907) 258-7707

Defendant Andy DeVeaux's Response Plaintiff's Motion for Reconsideration
*Mahoney v. Barlow, et al.*, Case No. 3:06-CV-00070 [TMB]
Page 5 of 5