TALIS J. COLBERG
ATTORNEY GENERAL

Gilman Dana S. Burke
Assistant Attorney General
Office of the Attorney General
1031 W. 4th Ave., Suite 200
Anchorage, AK 99501
Phone: (907)269-5190
Fax: (907)258-0760

Attorney for Defendant Bryan Barlow

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| DANIEL MAHONEY<br><br>Plaintiff,<br><br>v.<br><br>BRYAN BARLOW, in his individual Capacity, ANDY DEVEAUX, in his individual capacity and City of Homer,<br><br>Defendants. | **DEFENDANT BARLOW'S OPPOSITION TO MOTION FOR RECONSIDERATION**<br><br>Case No. 3:06-cv-0070 TMB |

I. Plaintiff's Motion for Reconsideration fails to establish that Defendant Barlow violated Plaintiff's clearly established constitutional rights – therefore immunity stands.

To overcome summary judgment on the issue of Sgt. Barlow's qualified immunity Plaintiff must demonstrate that his constitutional rights were violated, and that the state of the law at the time of the alleged unconstitutional act gave the government official fair warning that his alleged actions were unconstitutional. *Saucier v. Katz*, 533 U.S. 194, 206 (2001). Plaintiff has the burden to demonstrate that his (allegedly) violated rights

were clearly established. *Id*. at 202. In his motion for reconsideration, as in his original summary judgment opposition papers, Plaintiff Mahoney fails to cite a single legal authority for the proposition that a police officer violates a domestic violence suspect's clearly established constitutional rights when the officer, responding to a documented 911 domestic violence call applies handcuffs to detain, pending further investigation, the admittedly intoxicated, uncooperative, confrontational domestic violence suspect. In the absence of any authority, let alone clearly established authority, to support Plaintiff Mahoney, the Court should re-confirm its immunity ruling.

II. The Court's correct finding of reasonable suspicion and proper detention by Trooper Barlow **did not** turn on whether Sgt. Barlow knew of Plaintiff's intoxication prior to arrival. Plaintiff is wrong in claiming that the Court's qualified immunity order hinges upon a determination that Sgt. Barlow, before arriving at Plaintiff's property, had information that Plaintiff was intoxicated. Applying the *Lambert* factors, the Court found reasonable suspicion and the propriety of detention based on Plaintiff's uncooperativeness (*Lambert* factor 1, first clause), and the fact that the stop closely followed a violent crime (*Lambert* factor 3). *Order* at 9-13. The Court rejected the concept that prior knowledge of Mahoney's intoxication justified detention/handcuffing. *Order* at 11-12. Construing the facts in the light most favorable to Plaintiff, the Court held that despite Mahoney's admitted intoxication and agitation more was needed to justify detention. *Id*. at 12. The Court concluded that it was Plaintiff's "uncooperativeness alone…and a reasonable belief that a violent crime had occurred"

which justified the intrusive investigative stop. *Id*. at 13.

III. Plaintiff's admitted intoxication, lack of cooperation, and combativeness, coupled with the dispatch report describing domestic violence, justified Sgt. Barlow's detention/handcuffing decision. Contrary to Plaintiff Mahoney's suggestion, the relevant alcohol related issue is Plaintiff Mahoney's admitted, visible intoxication when he confronted Sgt. Barlow, rather than whether Sgt. Barlow had prior knowledge of intoxication. Sgt. Barlow testified he knew of Plaintiff's intoxication before arrival, and confirmed it upon arrival. *Barlow's Motion*, docket 25 at p. 9. It is undisputed that Plaintiff was drunk on rum and beer, knew he was intoxicated, may have been slurring his speech, "had a good buzz going" and "said it like a drunk person would" when he told Sgt. Barlow "I wasn't going to get into specifics." *Id.* at pp. 10-11.

Due to Plaintiff's admissions, it is also undisputed that Plaintiff was uncooperative when he refused to put down the puppy, contradicted Sgt. Barlow, and told Sgt. Barlow that "nothing" had happened when what had happened was that the Plaintiff had run over his wife's bed. *Id.*[1] Given these factors, combined with the information given by dispatch to Barlow and DeVeaux, Barlow clearly had a reasonable suspicion of criminal activity (domestic violence) plus justification for detention/handcuffing. *See case law cited by Barlow*, docket 25. With no case law to the contrary, let alone case law

[1] In view of Plaintiff's admissions, Plaintiff's assertion that the Court improperly relied on *Scott v. Harris* is meritless. This Court properly applied *Scott*, but even without *Scott* Plaintiff's deposition and written admissions prove his uncooperativeness.

demonstrating violation of a clearly established constitutional right under the circumstances, the Court's immunity finding must stand.

IV. The use of handcuffs did not constitute an arrest. This argument was flatly rejected by the Ninth Circuit in *U.S. v. Bautista*, 684 F.2d 1286, 1289 (9th Cir. 1982), and in *United States v. Patterson*, 648 F.2d 625, 632-634 (9th Cir. 1981). *See additional cases cited at oral argument and in Sgt, Barlow's Summary Judgment Reply*, docket 69.

V. Information provided by Melodie Mahoney to dispatch was reliable for developing reasonable suspicion. Contrary to Plaintiff's argument it was reasonable for Sgt. Barlow to develop reasonable suspicion based on information that Melodie Mahoney gave to dispatch. *See cases cited by Barlow*, docket 25 at pp. 14-16. In Alaska, an officer not only has reasonable suspicion, but also probable cause to arrest, based on verifiable information provided by the victim. *Lord v. Wilcox*, 813 P.2d 656, 658 (Alaska 1991).

DATED this 23rd day of April 2008, at Anchorage, Alaska.

TALIS J. COLBERG
ATTORNEY GENERAL

By: /s/ Gilman Dana S. Burke
Assistant Attorney General
Office of the Attorney General
1031 W. 4th Ave., Ste. 200
Anchorage, AK 99501
Phone: (907) 269-5190
Fax: (907) 258-0760
Dana.Burke@alaska.gov

This is to certify that on this date, a copy of BARLOW'S OPPOSITION TO MOTION FOR RECONSIDERATION is being served electronically on:

Arthur S. Robinson
Robinson & Associates
35401 Kenai Spur Highway
Soldotna, AK 99669

Frank Koziol
Attorney at Law
618 Christensen Drive
Anchorage, AK 99501

/s/ Gilman Dana S. Burke 4/23/08