FRANK S. KOZIOL, ESQ.
Attorney at Law
618 Christensen Drive
Anchorage, Alaska 99501
907-258-7706

Counsel for Defendant
ANDY DEVEAUX

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| DANIEL MAHONEY, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>BRYAN BARLOW, in his )<br>individual capacity, ANDY )<br>DEVEAUX, in his individual )<br>capacity and CITY OF HOMER, )<br>)<br>Defendants. )<br>) | Case No. 3:06-CV-00070 [TMB]<br><br>DEFENDANT ANDY DEVEAUX'S<br>OPPOSITION TO PLAINTIFF'S<br>MOTION FOR RULE 54(b)<br><u>ENTRY OF JUDGMENT</u> |

COMES NOW Defendant ANDY DEVEAUX (Defendant), by and his attorney, FRANK S. KOZIOL, and, hereby submits his opposition to Plaintiff's Motion for Rule 54(b) Entry of Judgment dated July 23, 2008 as follows.

FRANK S. KOZIOL
ATTORNEY AT LAW
618 CHRISTENSEN DRIVE
ANCHORAGE, AK 99501
(907) 258-7706
FAX (907) 258-7707

INTRODUCTION

Plaintiff requests a Rule 54(b) entry of judgment on this Court's Order Granting Partial Summary Judgment based upon qualified immunity.[1] If granted, Plaintiff will then move to continue the trial on the remaining claims currently scheduled for February 23, 2009[2] since the linchpin of his argument is to avoid a "duplicative trial."[3]

Defendant DeVeaux opposes this motion because it will result in piecemeal appeals without compelling reason since similar legal and factual issues remain to be decided by a jury.

RULE 54(b) STANDARD

Plaintiff acknowledges that a right-to-appeal generally must await the resolution of all claims.[4] This is embodied in the rule's requirement that an entry of judgment on less than

---

[1] Document No. 103.

[2] Document No. 117.

[3] Document No. 118 at 4.

[4] Id. at 3.

FRANK S. KOZIOL
ATTORNEY AT LAW
618 CHRISTENSEN DRIVE
ANCHORAGE, AK 99501
(907) 258-7706
FAX (907) 258 7707

Defendant Andy DeVeaux's Opposition to Plaintiff's Motion for Rule 54(b) Entry of Judgment
Mahoney v. Barlow, et al., Case No. 3:06-CV-00070 [TMB]
Page 2 of 7

all claims can only be made upon "an express determination that there is no just reason for delay."[5]

The purpose of the Rule 54(b) certification is to aid the "expeditious decision" of a case without encouraging piecemeal appeals.[6]

The lower court should evaluate the interrelationship of the claims so as to avoid multiple appeals.[7] A similarity of legal or factual issues will weigh heavily against entry of judgment under the rule and such entry should only occur to avoid a harsh and unjust result document by specific findings.[8]

Furthermore, the equities of the circumstances should be evaluated.[9] Judgments under Rule 54(b) should be reserved for

---

[5]Federal Rule of Civil Procedure 54(b).

[6]<u>Core-Vent Corp. v. Nobel Indus. AB</u>, 11 F.3d 1482, 1484 (9th Cir. 1993).

[7]<u>AmerisourceBergen Corp. v. Dialysist West, Inc.</u>, 445 F.3d 1132, 1137 (9th Cir. 2006).

[8]<u>Frank Briscoe Co., Inc. v. Morrison-Knudsen Co.</u>, 776 F.2d 1414, 1416 (9th Cir. 1985).

[9]<u>AmerisourceBergen Corp.</u>, 445 F.3d at 1137.

FRANK S. KOZIOL
ATTORNEY AT LAW
618 CHRISTENSEN DRIVE
ANCHORAGE, AK 99501
(907) 258-7706
FAX (907) 258-7707

Defendant Andy DeVeaux's Opposition to Plaintiff's Motion for Rule 54(b) Entry of Judgment
*Mahoney v. Barlow, et al.*, Case No. 3:06-CV-00070 [TMB]
Page 3 of 7

the unusual case in which the costs and risks of multiplying the number of proceedings and of over-crowding the appellate docket are outbalanced by the pressing needs of the litigants for an early and separate judgment as to some claims or parties.[10]

ARGUMENT

Plaintiff's sole reason for a Rule 54(b) entry of judgment is that when he prevails on his appeal of this Court's Order Granting Partial Summary Judgment to the Defendants, a second trial will have been avoided. This argument would be available to any party who has partial summary judgment entered against him. If permitted, it would turn the general prohibition against Rule 54(b) judgments into the general rule. This is contrary to the intent of the rule.

There is one factual sequence of events that was the subject of this Court's partial summary judgment ruling and that will be presented to a jury. No claims may be asserted against the Defendants before Barlow announced that Plaintiff was

---

[10] *Frank Briscoe Co., Inc.*, 776 F.2d at 1416.

FRANK S. KOZIOL
ATTORNEY AT LAW
616 CHRISTENSEN DRIVE
ANCHORAGE, AK 99501
(907) 258-7706
FAX (907) 258-7707

Defendant Andy DeVeaux's Opposition to Plaintiff's Motion for Rule 54(b) Entry of Judgment
Mahoney v. Barlow, et al., Case No. 3:06-CV-00070 [TMB]
Page 4 of 7

detained. However, after that statement Plaintiff's claims remain for trial.[11] The Court basically ruled that the Defendants could properly detain Plaintiff and could use reasonable force in doing so. However, whether reasonable force was used and whether Plaintiff did lawfully resist what he thought was excessive force are jury issues.

Though Plaintiff has lost his false arrest and false imprisonment claims, his excessive force claim remains. All these claims are based upon a continuing sequence of events with similar legal theories.

It would neither be harsh nor unjust to have Plaintiff wait approximately six months to file his appeal. It is presumptuous to believe that Plaintiff will be successful in his appeal. If he is not, the trial on his remaining claims will be delayed for years probably. The Defendants should not have to endure such a lengthy delay.

Granting the Rule 54(b) judgment will encourage multiple

---

[11]Document No. 103 at 14.

FRANK S. KOZIOL
ATTORNEY AT LAW
618 CHRISTENSEN DRIVE
ANCHORAGE, AK 99501
(907) 258-7706
FAX (907) 258-7707

Defendant Andy DeVeaux's Opposition to Plaintiff's Motion for Rule 54(b) Entry of Judgment
Mahoney v. Barlow, et al., Case No. 3:06-CV-00070 [TMB]
Page 5 of 7

appeals, before and after trial. This will not facilitate the expeditious resolution of this case. Plaintiff's primary damage claim is the dislocation of his shoulder during the detainment. This claim will be resolved by the jury in deciding whether excessive force was used. As the primary claim, resolution of it by a jury may result in no appeal being taken. However, this case cannot be settled with the excessive force claim unresolved. Any Rule 54(b) judgment would only delay resolution of the case and hinder its resolution.

## CONCLUSION

For the aforementioned reasons, this Court should deny the request for a Rule 54(b) judgment.

DATED: 07/28/2008          LAW OFFICE OF FRANK S. KOZIOL
                           Attorney for Defendant Andy DeVeaux

                           By:  /s Frank S. Koziol
                                Law Office of Frank S. Koziol
                                618 Christensen Drive
                                Anchorage, Alaska 99501
                                Phone: 907-258-7706
                                Fax: 907-258-7707
                                Email: koziol@gci.net
                                ritagutierrez.koziol@gci.net
                                ABA No. 7210054

FRANK S. KOZIOL
ATTORNEY AT LAW
618 CHRISTENSEN DRIVE
ANCHORAGE, AK 99501
(907) 258-7706
FAX (907) 258-7707

Defendant Andy DeVeaux's Opposition to Plaintiff's Motion for Rule 54(b) Entry of Judgment
*Mahoney v. Barlow, et al.*, Case No. 3:06-CV-00070 [TMB]
Page 6 of 7

THIS IS TO CERTIFY that a copy of the foregoing was served electronically and by U. S. Mail upon:

Arthur S. Robinson, Esq.
Robinson & Associates
35401 Kenai Spur Highway
Soldotna, Alaska 99669

G. Dana S. Burke, Esq.
Office of the Attorney General
1031 West Fourth Avenue, Suite 200
Anchorage, Alaska 99501

/s Frank S. Koziol 07/28/08

FRANK S. KOZIOL
ATTORNEY AT LAW
618 CHRISTENSEN DRIVE
ANCHORAGE, AK 99501
(907) 258-7706
FAX (907) 258-7707

Defendant Andy DeVeaux's Opposition to Plaintiff's Motion for Rule 54(b) Entry of Judgment
*Mahoney v. Barlow, et al.*, Case No. 3:06-CV-00070 [TMB]
Page 7 of 7