Arthur S. Robinson
ROBINSON & ASSOCIATES
35401 Kenai Spur Highway
Soldotna, AK  99669
Telephone: (907) 262-9164
Facsimile: (907) 262-7034
office@robinsonandassociates.net

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| DANIEL MAHONEY ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 3:06-cv-70 (TMB) |
| vs. ) | |
| ) | |
| BRYAN BARLOW, in his individual, ) | **MOTION FOR RULE 54(b)** |
| Capacity, ANDY DEVEAUX, in his ) | **ENTRY OF JUDGMENT** |
| individual capacity and City of ) | |
| Homer. ) | |
| ) | |
| Defendants. ) | |

COMES NOW the Plaintiff, by and through counsel, Arthur S. Robinson, and moves this Court for a final judgment on defendants' motion for partial summary judgment on the issue of qualified immunity.

**Background**

Plaintiff filed a complaint against defendants alleging violations of his rights under the Fourth and Fourteenth Amendments to the United State's Constitution pursuant to 42

U.S.C. § 1983.[1] Mahoney's complaint asserts claims of excessive force/assault and battery, false arrest against defendants Bryan Barlow and Andy Deveaux and false imprisonment against Deveaux. On July 13, 2007, defendant Barlow filed a Motion for Partial Summary Judgment re: Qualified Immunity.[2] On August 30, 2007, defendant Deveaux also filed a motion for partial summary judgment based on qualified immunity[3]. They sought an order that, as a matter of law, qualified immunity bars Mahoney's false arrest, false imprisonment and 42 U.S.C. § 1983 claims as they pertain to their actions up to and including the point of detention and handcuffing.

After briefing and hearing on defendants motions, the Court entered an Order on March 26, 2008, granting defendants' motions for qualified immunity "with respect to the plaintiff's claims, but only as to the defendants' actions up to the point at which Barlow made the decision to detain and handcuff the Plaintiff." The Court further ordered that the Defendants' Motions are denied "as to their request for a ruling that Plaintiff's resistance to the detention was unlawful.".[4]

---

[1] Docket 1
[2] Docket 25
[3] Docket 52
[4] Docket 103

Following the Court's order, on April 2, 2008, Plaintiff filed a motion for reconsideration.[5] The Court considered defendants' response and on June 23, 2008, entered an Order denying Plaintiff's motion for reconsideration.[6]

The court's order granting defendants partial summary judgment based on qualified immunity is interlocutory and not a final judgment. Plaintiff is requesting a final judgment under F.R.C.P. 54(b) on the Order granting Defendants' motions for partial summary judgment on the issue of qualified immunity.

**Argument**

F.R.C.P. 54(b) provides for the entry of final judgment as to one or more but fewer than all claims if the court expressly determines that there is no just reason for delay. An appeal must generally await the entry of judgment as to all remaining claims when a party has made a motion for partial summary judgment on multiple claims. However, there are exceptions from this general policy.[7]

---

[5] Docket 106
[6] Docket 116
[7] See *O'Bert ex rel. Estate of O'Bert v. Vargo*, 331 F.3d 29, 40-41 (2d Cir. 2003)

Motion for Rule 54(b) Entry of Judgment (Mahoney v. Barlow,
Case No. 3:06-cv-00070)                                    Page 3 of 5

In this case, an expensive, duplicative trial could be avoided by entering a Rule 54(b) judgment and that judgment reviewed before the remaining claims reach trial.[8]

The defendants' motions for partial summary judgment sought qualified immunity to bar plaintiff's claims for false arrest and false imprisonment under 42 U.S.C.§ 1983. Plaintiff presumes that the court's order granting defendants qualified immunity up to and including the point of Barlow's decision to detain and handcuff plaintiff bars Mahoney's claims against defendants for false arrests and against Deveaux for false imprisonment for any of the defendants' actions after that point. If that is the case plaintiff requests that the court enter final judgment on those claims. These claims are separate and distinct from plaintiff's other claims not resolved by the motions for summary judgment and afford plaintiff different remedies. A final judgment is needed to appeal the court's ruling in its order.

**Conclusion**

For the foregoing reasons, it is respectfully requested that the Court make the order granting Defendants' motion for partial summary judgment based on qualified immunity a "final

---

[8] See, Advanced Magnetics, Inc. v. Bayfront Partners, Inc., 106 F.3d 11, 16 (2d Cir. 1997)

judgment" and thus immediately appealable. There is no just reason for delay.

DATED this 23rd day of July, 2008.

                ROBINSON & ASSOCIATES

By: s/ARTHUR S. ROBINSON
    Attorney for Plaintiff
    35401 Kenai Spur Highway
    Soldotna, AK 99669
    Tel: (907) 262-9164
    Fax: (907) 262-7034
    Email: Office@robinsonandassociates.net
    ABA 7405026

**Certificate of Service**
I HEREBY CERTIFY that on July 23, 2008, a copy of the foregoing motion was served electronically on the following:

Gilman Dana S. Burke   Dana_Burke@law.state.ak.us
Frank S. Koziol   koziol@gci.net

By: s/Arthur S. Robinson