TALIS J. COLBERG
ATTORNEY GENERAL

Gilman Dana S. Burke
Assistant Attorney General
Office of the Attorney General
1031 W. 4th Ave., Suite 200
Anchorage, AK 99501
Phone: (907)269-5190
Fax: (907)258-0760

Attorney for Defendant Bryan Barlow

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| DANIEL MAHONEY | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 3:06-cv-0070 TMB |
| | ) | |
| v. | ) | |
| | ) | |
| BRYAN BARLOW, in his individual | ) | **DEFENDANT BARLOW'S** |
| Capacity, ANDY DEVEAUX, in his | ) | **OPPOSITION TO PLAINTIFF'S** |
| individual capacity and City of Homer, | ) | **MOTION FOR RULE 54(B)** |
| | ) | **ENTRY OF JUDGMENT** |
| Defendants. | ) | |

I.    INTRODUCTION

Plaintiff Daniel Mahoney sued Alaska State Trooper, Bryan Barlow, and

Homer Police Officer, Andy DeVeaux, under 42 U.S.C. § 1983 alleging that they violated

his federal constitutional rights.[1]  Trooper Barlow and Officer DeVeaux moved for partial

---

[1]      Complaint at 1-2.

summary judgment on some of Mr. Mahoney's claims based on qualified immunity.[2]  The

Court granted that motion and found that Trooper Barlow and Officer

DeVeaux had qualified immunity for their actions up to the point that Trooper Barlow told

Mr. Mahoney that he was "detained."[3]  Mr. Mahoney now asks the Court to certify that its

order granting defendants' qualified immunity motion is a final order so that he may appeal

the Court's decision.[4]

Mr. Mahoney's motion should be denied.  Interlocutory appeals of court

orders granting a motion for summary judgment based on qualified immunity are not

ordinarily immediately appealable.[5]  While a court may certify under Federal Rule of Civil

Procedure 54(b) that an order resolving some but not all claims is a final order, this

certification is reserved for unusual cases where the costs and risks of multiplying the

number of proceedings and of overcrowding the appellate docket are outweighed by the

pressing need of an early and separate judgment.[6]  Mr. Mahoney has failed to demonstrate

that such a piecemeal appeal process is necessary in his case.  Accordingly,

his motion for entry of final judgment should be denied.

---

[2]     DeVeaux's Motion for Partial Summary Judgment; Barlow's Motion for Partial Summary Judgment.

[3]     Order dated March 26, 2008 at 14-15.

[4]     Motion for Rule 54(b) Entry of Judgment at 4.

[5]     See *Branson v. Los Angeles*, 912 F.2d 334, 335 (9th Cir. 1990).  *Branson* involved absolute immunity but the principles involved are the same in this setting.

[6]     *Morrison-Knudsen Co. v. Archer*, 655 F.2d 962, 965 (9th Cir. 1981).

## II.    ARGUMENT

In general, an order denying summary judgment or granting partial summary judgment cannot be appealed because it is not a final decision.[7] A district court's decision denying a motion for summary judgment based on qualified immunity is nonetheless immediately appealable under the collateral order doctrine.[8] Because qualified immunity is not merely immunity from liability but immunity from suit, if a defendant could not immediately appeal a district court's denial of his qualified immunity, the benefit of that immunity would be lost and could not be remedied by a later appeal.[9] Thus, a denial of a motion for summary judgment based on qualified immunity is excepted from the usual rule that an order denying a motion for summary judgment is not appealable.

A motion granting partial summary judgment based on qualified immunity, however, presents none of these issues and is not immediately appealable.[10] Consequently, the only way for Mr. Mahoney to appeal the Court's qualified immunity decision now is for the Court to certify its order as a final decision under Federal Rule of Civil Procedure 54(b). This request should be denied.

Rule 54(b) certification is not intended to apply to any and all order's granting partial summary judgment.  As the 9th Circuit has observed, "judgments under Rule 54(b)

---

[7]    *Morgan v. Morgensen*, 465 F.3d 1041, 1044 (9th Cir. 2006).

[8]    *Mitchell v. Forsyth*, 472 U.S. 511, 525-30 (1985).

[9]    *Id.*

[10]    *Branson*, 912 F.2d at 335-36.

DEFENDANT BALOW'S OPPOSITION TO ENTRY OF JUDGMENT
*Mahoney v Barlow, et al.*
3:06-cv-0070 TMB
Page 3 of 5

must be reserved for the unusual case in which the costs and risks of multiplying the

number of proceedings and of overcrowding the appellate docket are outbalanced by

pressing needs of the litigants for early and separate judgment as to some claims or

parties."[11]  Accordingly, the Rule specifically provides that an order may be certified as

final only if the Court finds that there is no just cause to delay the appeal.[12]  In Mr.

Mahoney's case, the parties have already completed discovery and the trial itself will be

over in seven months.[13]  It is unlikely if Mr. Mahoney took his qualified immunity appeal to

the 9th Circuit that briefing would even be complete in seven months.  In contrast, if Mr.

Mahoney's motion for entry of judgment is granted his next motion will likely be one to

stay the trial on the remaining claims.[14]  If that motion is granted, it may be many years

before his claims against the defendants go to trial.  He has not shown that there is a

pressing need for an early and separate judgment on his pre-"detained" claims much less

that this need outweighs the delay, costs, and risks of multiplying the number of

proceedings and of overcrowding the appellate docket that would result if his motion were

---

[11]     *Morrison-Knudsen Co.*, 655 F.2d at 965.

[12]     Fed. R. Civ. P. 54(b).

[13]     Pre-trial Order dated July 14, 2008.

[14]     The only benefit to certification that Mr. Mahoney identifies in his motion is
that it will avoid multiple and potentially duplicative trials on his claims.  Motion for Rule
54(b) Entry of Judgment at 4.  This statement assumes that the February trial will be
postponed until after his interlocutory appeal on qualified immunity is complete.

DEFENDANT BALOW'S OPPOSITION TO ENTRY OF JUDGMENT
*Mahoney v Barlow, et al.*
3:06-cv-0070 TMB
Page 4 of 5

granted.[15]   Thus, Mr. Mahoney's request that the Court certify that its order granting

defendants' qualified immunity motion is a final order should be denied.

### III.     CONCLUSION

Mr. Mahoney's request that the Court certify that its order granting

defendants' qualified immunity motion is a final order should be denied.

DATED at Anchorage, Alaska this 5th day of August, 2008.

TALIS J. COLBERG
ATTORNEY GENERAL

By:     /s/Gilman Dana S. Burke
Assistant Attorney General
Office of the Attorney General
1031 W. 4th Ave., Ste. 200
Anchorage, AK 99501
Phone:  (907) 269-5190
Fax:  (907) 258-0760
Dana_Burke@alaska.gov
TWC_ECF@alaska.gov
ABA No. 9011085

CERTIFICATE OF SERVICE
This is to certify that on this date, a copy of Defendant
Barlow's Opp. To Entry of Judgment
is being electronically filed and/or mailed to:

Arthur S. Robinson
Robinson & Associates
35401 Kenai Spur Highway
Soldotna, AK 99669

Frank Koziol
Attorney at Law
618 Christensen Drive
Anchorage, AK 99501

/s/ Gilman Dana S. Burke 08/05/08

---

[15]     *See Morrison-Knudsen Co.*, 655 F.2d at 965.

DEFENDANT BALOW'S OPPOSITION TO ENTRY OF JUDGMENT
*Mahoney v Barlow, et al.*
3:06-cv-0070 TMB
Page 5 of 5