Arthur S. Robinson
ROBINSON & ASSOCIATES
35401 Kenai Spur Highway
Soldotna, AK 99669
Telephone:  (907) 262-9164
Facsimile:  (907) 262-7034
Email: office@robinsonandassociates.net

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| DANIEL MAHONEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 3:06-cv-70 (TMB) |
| ) | |
| BRYAN BARLOW, in his individual, ) | |
| Capacity, and ANDY DEVEAUX, in his ) | **REPLY TO OPPOSITION TO** |
| individual capacity and City of ) | **MOTION FOR RULE 56(b)** |
| Homer. ) | **FINAL JUDGMENT** |
| ) | |
| Defendants. ) | |

Both defendants, Barlow and Deveaux, oppose the court entering final judgment on plaintiff's claims for false arrest and false imprisonment in light of the court's ruling granting defendants partial summary judgment on their claims of qualified immunity. In the Court's decision granting defendants qualified immunity up to the point Barlow made the decision to detain plaintiff, it is not clear from the decision whether the court intended to foreclose at trial plaintiff's ability to present evidence and argue at a trial that after the decision to detain

plaintiff was made, the actions of the officer were a false arrest and false imprisonment.

Plaintiff maintains that the restraint used by officers to seize him in this case was an arrest without probable cause, excessive force was used in effecting the arrest and that after the arrest he was falsely imprisoned. If from the court's grant of partial summary judgment it intended to dismiss plaintiff's claims for false arrest and false imprisonment, then plaintiff should be entitled to a final judgment on these claims despite the fact that plaintiff still has a claim for use of excessive force at a trial.

Except with respect to certain types of orders not present in this case, the federal courts of appeal have jurisdiction only over final judgments, see 28 USC sec. 1291; a final judgment is one that conclusively determines all of the rights of the parties to the litigation. *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 467 (1978). However, Fed.R.Civ.P. 56(b) provides that when more than one claim for relief is presented in an action, . . . the court may direct the entry of a final judgment as to one or more but fewer than all of them upon an express determination that there is no just reason for delay and upon express direction for the entry of judgment.

Certification should be made if some danger of injustice or hardship exists to the party seeking judgment which through delay would be alleviated by immediate appeal. *Cullen v. Margiotta*, 618

F.2d 226, 228 (1980). The matter of whether to direct the entry of a partial judgment in advance of the final adjudication of all of the claims in the suit must be considered in light of the goal of judicial economy as served by the historic federal policy against piecemeal appeals. *Curtiss-Wright Corp. v. General Electric Co.*, 446 U.S. 1, 8 (1980) (*quoting Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 438 (1956). While the district court should bear in mind that not all dismissals of individual claims should be immediately appealable, even if they are in some sense separable from the remaining unresolved claims, *Id*. at 8., Rule 54(b) certification is warranted to prevent injustice or hardship to a party seeking judgment. Certification determinations are reviewable for abuse of discretion. *Id*. at 8-10.

  Defendants in bringing their motions for partial summary judgment sought to have the court dismiss plaintiff's claims for false arrest and false imprisonment on qualified immunity grounds. The Court's decision granting defendants qualified immunity up to Barlow's decision to detain Plaintiff but, not after the decision was made appears to leave open the issue of whether the restraint used by the officers to seize Plaintiff was, as he claims, an unlawful arrest without probable cause and excessive force was used in effecting that arrest. If the district court's summary judgment decision dismisses plaintiff's false arrest claim, as defendant's sought, and precludes him at trial from claiming an arrest without probable cause and use of

excessive force in arresting him the danger of some injustice exists to plaintiff that can be alleviated through immediate appeal.

Under the Fourth Amendment to the United States Constitution, which governs use of force in connection with an arrest, law enforcement officers may use only such force as is objectively reasonable under the circumstances. *Graham v. Connor*, 490 U.S. 386, 397 (1989). Plaintiff's false arrest claim that defendant arrested him without probable cause while a separate claim from the use of excessive force in violation of the constitution are intertwined because plaintiff must prove that excessive force was used in effecting an arrest. Thus, dismissal of plaintiff's false arrest claim would be unjust to plaintiff because he could not establish that an "arrest" occurred which was excessive. The same injustice holds true for plaintiff's false imprisonment claim. If plaintiff is precluded from proving that as a result of an unlawful arrest he was falsely imprisoned this would be an injustice to plaintiff in obtaining complete relief at trial.

Since relief on plaintiff's excessive force claim is tied to having to prove that an arrest occurred dismissal of plaintiff's false arrest claim prejudices his excessive force claim where he is not permitted to prove that an illegal arrest occurred. Use of any force to make an illegal arrest could be considered by a jury as objectively unreasonable under the circumstances in this case.

False imprisonment after an unlawful arrest is a serious infringement on personal liberty. Not allowing the jury to consider whether an arrest occurred would prejudice plaintiff and be unjust.

Certifying entry of final judgment on plaintiff's false arrest and false imprisonment claims would not result in piecemeal appeals. A single trial following appeal would serve judicial economy. Should plaintiff prevail on appeal on the court's dismissal of his claims there will be one trial with complete relief on all of plaintiff's claims. Otherwise, if plaintiff goes to trial without these claims he will appeal their dismissal after trial and if successful on appeal there will be another trial on those claims. Certification will avoid the need for two trials if plaintiff prevails on appeal after the first trial. Judicial economy would be served by avoiding expenditure of judicial resources on multiple trials. Since an injustice would occur to plaintiff if he could not immediately appeal and certification would serve judicial economy, there is no just reason for delay in entering partial final judgment to allow an immediate appeal of the court's decision.

Rule 54(b) also provides that in the absence of such a determination and entry of partial final judgment, any order ... which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order ... is

subject to revision at any time before the entry of judgment adjudicating all of the claims and the rights and liabilities of all the parties.

Perhaps what is needed from the court is a clarification of the application of its order granting partial summary judgment to defendants. If the court's summary judgment decision does not preclude plaintiff from proving at trial that his seizure after the decision was made by Barlow to detain him was an unlawful arrest and that his imprisonment in jail following an unlawful arrest was unlawful then there is no need for entry of final judgment on plaintiff's claims for false arrest and false imprisonment. No injustice would occur to plaintiff if that were the case.

## CONCLUSION

For the reasons set forth in support of plaintiff's motion for entry of a rule 54(b) final judgment the court should enter judgment for immediate appeal because there is no just reason for delay if the court's summary judgment decision dismisses plaintiff's false arrest and false imprisonment claims and precludes plaintiff at trial from proving that an unlawful (false) arrest and imprisonment occurred under the circumstances in this case.

Dated: August 18, 2008          ROBINSON & ASSOCIATES

                         By:    s/ARTHUR S. ROBINSON
                                Attorney for Plaintiff
                                35401 Kenai Spur Highway
                                Soldotna, AK 99669
                                Tel: (907) 262-9164
                                Fax: (907) 262-7034
                                Office@robinsonandassociates.net
                                ABA 7405026

CERTIFICATE OF SERVICE

THIS IS TO CERTIFY that a copy of the foregoing was electronically served on the following on 8/18/08:

Gilman Dana S. Burke
Dana_Burke@law.state.ak.us

Frank S. Koziol
koziol@gci.net

s/Arthur S. Robinson